# EXHIBIT A
# Declaration of CW 7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY AND ITS DIVISION, OF INVESTMENT, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> -against- <br><br> CLIFFS NATURAL RESOURCES INC., JOSEPH CARRABBA, LAURIE BRLAS, TERRANCE PARADIE, and DAVID B. BLAKE, <br><br> Defendants. | Case No. 14-CV-1031-DAP <br><br> ELECTRONICALLY FILED <br><br> CLASS ACTION |

### SECOND DECLARATION OF ▬▬▬▬▬▬▬

I, ▬▬▬▬▬▬▬, declare as follows:

1. I have read the Declaration of James A. Harrod in Opposition to Defendants' Motion to Strike dated February 6, 2015, the Declaration of Amy J. Bitkower in Opposition to Defendants' Motion to Strike dated February 6, 2015, and the Declaration of Ross Shikowitz in Opposition to Defendants' Motion to Strike dated February 6, 2015, all of which contain allegations regarding communications with me.

2. I understand that James Harrod is now alleging that I did not express my dissatisfaction regarding Plaintiff's use and characterization of my statements in its Complaint. I understand that Amy Bitkower has made similar allegations. I recall clearly expressing my dissatisfaction with Plaintiff's use of my statements in the Complaint during both my Friday, September 5, 2014 conversation with Ms. Bitkower

and the Monday, September 8, 2014 conversation with both Ms. Bitkower and Mr. Harrod.

3. I clearly recall my September 8, 2014 telephone call with Mr. Harrod and Ms. Bitkower. I spoke with them on my cell phone while I was driving to work. I was incredibly upset and repeatedly voiced my frustration that Plaintiff used statements that it did not have my permission to use in the Complaint. I expressed that Plaintiff used my statements out of context and omitted caveats that I provided regarding those statements.

4. Prior to that call, I had only read the portions of the Complaint that identified me, CW7. I did not read the Complaint in its entirety. During the September 8 call, Mr. Harrod asked me if I had read the entirety of the Complaint. I indicated that I had only read portions of the Complaint identifying me and not the entire thing.

5. It is true that Mr. Harrod indicated during the September 8, 2014 telephone call that I could call him to address concerns I had with the Complaint if I wanted to do so. However, I had already had two phone calls – one with Ms. Bitkower and one with Ms. Bitkower and Mr. Harrod – during which I raised my concerns about Plaintiff's use and characterization of my statements. Plaintiff's representatives did not indicate during either one of those calls that they would take any steps to alleviate the problems that I had with Plaintiff's use of my statements, so I saw no use in a third call.

6. I repeatedly told Plaintiff's investigator, and I told Plaintiff's attorneys, that I was not the correct person to talk to about price modeling at Cliffs in connection with the Dividend or Bloom Lake. I told them that I had no direct knowledge of those issues and that my involvement was related to an exercise involving Australia's MRRT.

2

7. I stand by all of the statements made in my January 21, 2015 Declaration.

8. I have been assisted in drafting this Declaration and my January 21, 2015 Declaration by my own independent counsel, Vincent Louwagie and Steven Kerbaugh of Anthony Ostlund Baer & Louwagie P.A.

Executed in  Minneapolis , Minnesota, this 12th day of February, 2015 under the penalties of perjury pursuant to 28 U.S.C. § 1746.