UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY AND ITS DIVISION OF INVESTMENT, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLIFFS NATURAL RESOURCES INC., JOSEPH CARRABBA, LAURIE BRLAS, TERRY PARADIE, and DAVID B. BLAKE<br><br>Defendants. | Civ. A. No. 14-CV-1031-DAP<br><br>Judge Dan Aaron Polster<br><br>Magistrate Judge Greg White |

**DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME
TO RESPOND TO SECOND AMENDED CLASS ACTION COMPLAINT
AND FOR LEAVE TO EXCEED PAGE LIMITATION**

Defendants Cliffs Natural Resources Inc., Joseph Carrabba, Laurie Brlas, Terry Paradie, and David B. Blake ("Defendants"), and pursuant to Rule 7.1(f) of the Local Rules for the United States District Court for the Northern District of Ohio, hereby move the Court for an Order (i) enlarging the amount of time, from April 17, 2015 until April 30, 2015, for Defendants to file their Motion to Dismiss the Second Amended Complaint ("Motion"), and (ii) granting Defendants leave to file a thirty (30) page memorandum of law in support of their Motion.

Plaintiff filed its second amended complaint (Docket Item ("D.I." 55)) (the "SAC") on March 31, 2015.  Absent an extension of time, Defendants' Motion would be due on April 17, 2015.  Fed.R.Civ.P. 15(a)(3); *see also* Fed.R.Civ.P. 6(d).  While the SAC itself is fifty (50) pages,

it attaches multiple appendices, including a new thirty (30) page chart, to which defendants must respond.  Moreover, Defendants note that, while the SAC arguably complies with the page limitation imposed by the Court's Order of March 5, 2015 (D.I. 52) regarding the filing of a further amended complaint, it appears to do so by violating the explicit text of Local Rule 10.1, which requires that all papers presented for filing be "double-spaced except for quoted material."  By Defendants' calculation, this machination alone adds more than eight (8) pages to the SAC.

Defendants also request that the page limit associated with their memorandum of law in support of their Motion be enlarged by ten (10) pages, for a total of thirty (30) pages.  The same extension was granted in connection with Defendants' memorandum of law in support of their motion to dismiss the amended complaint.  *See* 10/6/14 Order.  Moreover, the requested extension is consistent with the Local Rules for memoranda associated with dispositive motions in complex cases like this one.

Both the additional time and pages are necessary to allow Defendants adequately to address the numerous deficiencies of the SAC.  Despite its shorter presentation, the SAC remains as difficult to organize and as void of factual allegations showing scienter as was the amended complaint.  *See* D.I. 52 ("Of particular note is the Court's difficulty finding allegations showing scienter as to each individual defendant.  This is a significant hurdle given case law in the Sixth Circuit.").  But the flaws of the SAC are not limited to the absence of scienter, and the additional time and pages are necessary to adequately present the numerous shortcomings of the SAC and demonstrate why there is no basis in law for Plaintiff's requested relief.

Pursuant to the Local Rules, Defendants sought Plaintiff's consent for the enlargement of time and requested extension of the page limitation.  On April 3, 2015, Plaintiff's counsel refused to consent to a schedule which would have required that the Motion be filed on or before May 15,

2015.  On April 7, 2015, Plaintiff's counsel likewise refused to stipulate to a briefing schedule associated with the SAC absent an order of this Court explicitly providing for briefing on the SAC. Rather than file a motion for the right to have briefing (given Defendants' clear right to move to dismiss the SAC pursuant to Fed.R.Civ.P. 12(b)(6), and the fact that the motion to dismiss the amended class action complaint (D.I. 32) is no longer pending, having been dismissed as moot), Defendants file the instant motion as a sensible way to address what ought to have been a very simple, everyday concept.  A copy of relevant correspondence with Plaintiff's counsel is attached as Exhibit A.[1]

WHEREFORE, as set forth above and for good cause, Defendants request that the Court grant Defendants' request for a modest enlargement of time by thirteen (13) days until April 30, 2015 to file their Motion, and an extension of the page limit associated with Defendants' memorandum of law in support of their Motion by ten (10) pages, for a total of thirty (30) pages.

---

[1] Plaintiff's purported counterproposal was problematic for a number of additional reasons.  It sought to further limit the time period and page limit associated with any reply in support of Defendants' Motion, and it wholly ignored the automatic, statutory stay of discovery granted by the Private Securities Litigation Reform Act.  15 U.S.C. § 78u-4(b)(3)(B) ("In any private action arising under this chapter, *all discovery* and other proceedings *shall* be stayed during the pendency of *any* motion to dismiss.").

Dated:   April 7, 2015                            /s/ John M. Newman, Jr.
_____

John M. Newman, Jr. (0005763)
Geoffrey J. Ritts (0062603)
Adrienne Ferraro Mueller (0076332)
Brett W. Bell (0089168)
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
Telephone: 216.586.3939
Facsimile:    216.579.0212
jmnewman@jonesday.com
gjritts@jonesday.com
afmueller@jonesday.com
bwbell@jonesday.com

*Counsel for Defendants Cliffs Natural
Resources Inc., Joseph Carrabba, Laurie
Brlas, Terry Paradie, and David B. Blake*

So ORDERED: _____ __/__/2015

<u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing was filed electronically this 7th day of April, 2015.  Notice of

this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties

may access this filing through the Court's system.


/s/ John M. Newman, Jr.

John M. Newman, Jr. (0005763)
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
Telephone: 216.586.3939
Facsimile:  216.579.0212
jmnewman@jonesday.com

*One of the Attorneys for Defendants Cliffs
Natural Resources Inc., Joseph Carrabba,
Laurie Brlas, Terry Paradie, and David B.
Blake*

# EXHIBIT A

 RE: Cliffs
Jim Harrod
to:
Adrienne Ferraro Mueller
04/07/2015 11:23 AM
Cc:
"Geoffrey J. Ritts - Jones Day (gjritts@jonesday.com)", "Michael T. G. Long
(mlong@lowenstein.com)", "Scott Simpkins (SDSIMP@climacolaw.com)", Rebecca Boon
Hide Details
From: Jim Harrod <Jim.Harrod@blbglaw.com>
To: Adrienne Ferraro Mueller <afmueller@jonesday.com>,
Cc: "Geoffrey J. Ritts - Jones Day (gjritts@jonesday.com)" <gjritts@jonesday.com>,
"Michael T. G. Long (mlong@lowenstein.com)" <mlong@lowenstein.com>, "Scott
Simpkins (SDSIMP@climacolaw.com)" <SDSIMP@climacolaw.com>, Rebecca Boon
<Rebecca.Boon@blbglaw.com>
History: This message has been forwarded.

Adrienne:

Thank you for your email.

The Court's last two orders concerning substantive matters in this case did not contemplate or provide
for additional submissions in connection with a motion to dismiss and the most recent of those makes
clear that discovery should begin shortly.

Lead Plaintiff does not believe that additional briefing is necessary.  The Second Amended Complaint
did not alter the substantive theories of liability in the case, change the class period, or add any claims,
and the prior rounds of briefing adequately address the relevant arguments.

However, to the extent that the Court grants such a request made by Defendants for additional
briefing, Lead Plaintiff is willing to consent to the following schedule:

Defendants' renewed motion to dismiss due by April 30 (30 days);
Lead Plaintiff's Opposition due by May 29 (29 days); and
Defendants' reply (10 pages), if any, due by June 12 (14 days).

We are available to conduct the Planning Meeting telephonically on April 16 at 10:00 a.m.  I will
separately circulate a dial-in number in advance of the call.

Thanks,

Jim

**From:** Adrienne Ferraro Mueller [mailto:afmueller@jonesday.com]
**Sent:** Monday, April 06, 2015 3:10 PM
**To:** Jim Harrod
**Cc:** Adrienne Ferraro Mueller; Geoffrey J. Ritts - Jones Day (gjritts@jonesday.com); Michael T. G. Long
(mlong@lowenstein.com); Scott Simpkins (SDSIMP@climacolaw.com)
**Subject:** Re: Cliffs

Jim,  We can make ourselves available at your convenience on April 16 for the parties' planning meeting.  Please let us know the specific time you would like to speak, as well as the number at which we can reach you.

Separately, this email confirms that plaintiff has not agreed to our requests to stipulate to a schedule on defendants' motion to dismiss.  As a final attempt to reach agreement before bothering the Court with this issue, we ask that plaintiff stipulate that defendants may have until April 30 to file their motion to dismiss.  Absent your consent, defendants expect to file a motion concerning the briefing schedule before noon on April 7.  I would appreciate hearing from you by return email as soon as possible.

Thank you,
Adrienne

Adrienne Ferraro Mueller
Partner
JONES DAY® - One Firm Worldwide℠
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114.1190
Office +1.216.586.7370
afmueller@jonesday.com

| | |
|---|---|
| From: | Jim Harrod <Jim.Harrod@blbglaw.com> |
| To: | "Geoffrey J. Ritts - Jones Day (gjritts@jonesday.com)" <gjritts@jonesday.com>, Adrienne Ferraro Mueller <afmueller@jonesday.com>, |
| Cc: | "Michael T. G. Long (mlong@lowenstein.com)" <mlong@lowenstein.com>, "Scott Simpkins (SDSIMP@climacolaw.com)" <SDSIMP@climacolaw.com> |
| Date: | 04/03/2015 04:03 PM |
| Subject: | Cliffs |

Counsel:

See the attached letter.

Best,

Jim

## James A. Harrod
**BLB&G**
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas | New York, NY 10019
T 212.554.1502 | F 212.554.1414 | Jim.Harrod@blbglaw.com
[attachment "img-403144608-0001.pdf" deleted by Adrienne Ferraro Mueller/JonesDay]

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without

copying it and notify sender by reply e-mail, so that our records can be corrected.
==========