UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY AND ITS DIVISION OF INVESTMENT, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CLIFFS NATURAL RESOURCES INC., JOSEPH CARRABBA, LAURIE BRLAS, TERRY PARADIE, and DAVID B. BLAKE, <br><br> Defendants. | Civ. A. No. 14-CV-1031-DAP <br><br> Judge Dan Aaron Polster <br><br> Magistrate Judge Greg White |

## REPORT OF PARTIES' PLANNING MEETING
### UNDER FED. R. CIV. P. 26(f) AND L.R. 16.3(b)

1.      Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a telephonic meeting was held

on April 16, 2015, and was attended by:

Michael B. Himmel and Michael T.G. Long of Lowenstein Sandler LLP, Co-Lead Counsel for Lead Plaintiff, The Department of the Treasury of the State of New Jersey and its Division of Investment ("Lead Plaintiff");

James A. Harrod, Adam Hollander, and Jeremy Robinson of Bernstein Litowitz Berger & Grossmann LLP, Co-Lead Counsel for Lead Plaintiff;

John Climaco and Scott Simpkins of Climaco Wilcox Peca Tarantino & Garofoli Co., LPA, Local Counsel for Lead Plaintiff; and

Geoffrey J. Ritts and Adrienne Ferraro Mueller of Jones Day, counsel for defendants Cliffs Natural Resources Inc. ("Cliffs" or the "Company"), Joseph Carrabba, Laurie Brlas, Terry Paradie, and David B. Blake.

2.      Initial Disclosures:  The parties exchanged initial disclosures on April 30, 2015.

1

3.       The parties recommend the following track:  Complex.

4.       This case is not suitable for ADR at this time.  The parties have agreed that if, in the future, they feel consideration of ADR mechanisms would be productive, they will consider an ADR mechanism at that time.

5.       The parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

6.       The parties agree that this case is likely to involve electronic discovery.

7.       The parties disagree as to the recommended discovery plan.

A.       Describe the subjects on which discovery is to be sought, the nature and extent of discovery and any potential problems:

Lead Plaintiff's position:

Lead Plaintiff's position is that discovery in this action should commence on May 8, 2015, the day after the Case Management Conference, in accordance with Rule 26(d) and the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Given the Court's expressed view that the Second Amended Complaint meets the PSLRA's pleading standard, there is no reason to further delay the prosecution of this Action if Defendants file a renewed motion to dismiss.  In addition to the passage of nearly one year since this matter was filed, the Bloom Lake mine has been placed into an insolvency process, with its property, equipment, and facilities subject to decommissioning and possible sale, which increases the risk that evidence could be compromised.

Lead Plaintiff's discovery will generally concern the parties' claims and defenses.  In particular, Lead Plaintiff seeks discovery that is calculated to elicit evidence sufficient to satisfy Lead Plaintiff's burden to prove Defendants' violations of the federal securities laws and United States Securities and Exchange Commission ("SEC") rules at issue,[1] to rebut any of Defendants'

---

[1] For example, Lead Plaintiff seeks documents and testimony concerning Defendants' knowing and/or reckless issuance of materially false and misleading statements and omissions concerning the Bloom Lake mine, including, but not limited to claims that the 123% dividend increase had been thoroughly pressure-tested and was sustainable

affirmative defenses, and to establish that the action should be certified as a class action under Rule 23(a) and 23(b)(3).

Under Lead Plaintiff's proposed schedule, set forth in detail below at ¶ D, discovery, (including discovery concerning both merits, class certification and expert issues), class certification briefing, and dispositive motions would be completed and this matter would be ready for trial in approximately 13 months.  Such a proposed schedule is consistent with the 24-month period from the date of filing (May 12, 2014) provided for cases designated as "complex" under Local Rules 16.1 to 16.3.

In contrast, Defendants request that the Court bifurcate discovery into two non-concurrent periods where "class certification discovery," would occur first, and "merits discovery," may occur only after the Court has determined whether to certify this matter as a class action under Rule 23.

Bifurcation of discovery, however, would be inefficient and cause extensive delay. Under Defendants' proposal, class certification discovery and motion practice would occur over at least a six month period.  Defendants' contemplated course of action could delay the start of merits discovery for a year or more.  This would present real consequences, including a risk of undue prejudice as memories fade, and documents and witnesses disperse.

Moreover, bifurcation is not "consistent with the case law and the Manual for Complex Litigation," as Defendants state.[2]  To the contrary, "bifurcation of discovery is the exception, rather than rule, and it is clear that in most instances, regular – that is, unbifurcated – discovery is more efficient."  *Cent. Transp. Int'l, Inc. v. Gen. Elec. Co.*, No. 08CV136, 2008 WL 4457707, at *3 (W.D. N.C. Sept. 30, 2008).

Here, not only will bifurcation prolong the case indefinitely, but the Court will be called upon to address disputes over what constitutes "merits" versus "class" discovery, likely making bifurcation "unworkable."  *See In re Semgroup Energy Partners, L.P., Sec. Litig.*, No. 08-1989, 2010 WL 5376262, at *2-3 (N.D. Okla. Dec. 21, 2010) ("An order restricting discovery to class issues would be impracticable because of the closely linked issues, and inefficient because it would be certain to require ongoing supervision of discovery.").

Additionally, bifurcation of discovery is particularly unwarranted given the likelihood of class certification.  It is widely recognized that federal securities fraud claims asserting a presumption of reliance based on the fraud-on-the-market theory present prototypical cases suited for class treatment under Rule 23(b)(3).  *See* 7AA Wright, Miller, Kane, Marcus &

_____

(continued…)

due to the additional cash flow to be generated by the mine, as well as misstatements and omitted materially facts regarding undisclosed problems with the operation and expansion of the Bloom Lake property.

[2] *See Manual for Complex Litigation* § 21.14, at 256 (4th ed. 2004) ("Courts have recognized that information about the nature of the claims on the merits and the proof they require is important to deciding certification.  Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes.").

3

Steinman, Federal Practice and Procedure § 1781.1 (3d ed.) ("Rule 23(b)(3) has been used quite frequently in cases involving securities frauds").  Indeed, Cliffs' common stock trades on the New York Stock Exchange, which courts uniformly hold is *per se* an efficient market entitling investors to a class-wide presumption of reliance.  *See, e.g.*, *Lapin v. Goldman Sachs & Co.*, 254 F.R.D. 168, 183 (S.D.N.Y. 2008) ("no argument could be made that the New York Stock Exchange is not an efficient market") (citing *Basic Inc. v. Levinson*, 485 U.S. 224, 249 n.29 (1988)).  Under these circumstances, it would be far more efficient to address merits and class certification discovery on the same track, and address class certification motion practice at the end of discovery (as Lead Plaintiff proposes below at ¶ 7.D).[3]

With regard to the locations of discoverable materials, there will be discoverable documents, other tangible evidence, and witnesses located in Canada (and documents may be in Canadian French).  Lead Plaintiff does not expect that these circumstances will present any significant problems given the size of this matter and the resources available to the counsel involved.

Lead Counsel has previously had negative experiences with the integrity and thoroughness of technology-assisted review ("TAR").  However, Lead Plaintiff will engage in discussions on the topic should Defendants seek to propose using TAR in connection with the discovery process.

Lead Plaintiff proposes a modest alteration of the interrogatory and deposition limitations in the Federal Rules of Civil Procedure, increasing the maximum number of interrogatories to 50 and the number of deponents to 20, per side.

Defendants' position:

Defendants have not yet determined whether they will file a motion to dismiss the recently-filed Second Amended Complaint (the "Complaint").  If they do file such a motion, the statutory automatic stay of discovery under the Private Securities Litigation Reform Act would apply until the disposition of the motion.  *See* 15 U.S.C. § 78u-4(b)(3) ("[i]n any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss").

Although plaintiff suggests above that the PSLRA discovery stay somehow would not apply if a motion to dismiss were filed, that is incorrect.  The statute provides that the automatic

---

[3] Even following the decisions in *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014) and *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013), courts in this Circuit and elsewhere have granted motions for class certification (including in securities fraud matters), and refused to bifurcate discovery, recognizing that bifurcation unnecessarily delays the proceedings.  *See, e.g.*, *In re Groupon Secs. Litig.*, No. 12 C 2450, 2014 US Dist. LEXIS 26212 (N.D. Ill. Feb. 24, 2014) (refusing to bifurcate discovery in Securities Exchange Act class action); *Schuh v. HCA Holdings, Inc.*, No. 11-1033, 2014 U.S. Dist. LEXIS 132609 (M.D. Tenn. Sept. 22, 2014) (certifying class action); *In re Bridgepoint Educ., Inc. Sec. Litig.*, No. 12-CV-1737 JM JLB, 2015 WL 224631, at *6 (S.D. Cal. Jan. 15, 2015) (certifying class action over challenges posed based on *Halliburton* and *Comcast*); *Local 703, Int'l Brotherhood of Teamsters Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, 2014 WL 6661918 (N.D. Ala. Nov. 19, 2014) (granting class certification on remand from 11th Circuit Court of Appeals to consider application of *Halliburton*); *In re St. Jude Med. Inc. Sec. Litig.*, 2014 WL 6908434 (D. Minn. Dec. 8, 2014) (denying motion to decertify class after consideration of *Halliburton*).

4

discovery stay can be modified only upon a party's showing that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). The mere fact that the automatic stay inherently allows some passage of time in every securities class action is no basis to modify the stay, as courts in this district and elsewhere repeatedly have recognized. *See Frank v. Dana Corp.*, No. 3:05-cv-7393, 2007 U.S. Dist. LEXIS 45554, at *8 (N.D. Ohio June 18, 2007) (denying motion to modify stay; "the touchstone is not whether denying discovery a risk of prejudice, but rather whether such prejudice is 'undue.' This, the legislative history indicates, requires a showing of 'exceptional circumstances.'"); *In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260, 1265 (N.D. Okla. 2001) ( "Prejudice caused by the delay inherent in the PSLRA's discovery stay cannot be 'undue' prejudice because it is prejudice which is neither improper nor unfair . . . [T]he concerns which Plaintiffs raise are presented in all securities cases in which the PSLRA's discovery stay is triggered.").[4]

If the case proceeds to discovery, defendants suggest that discovery be bifurcated, with class certification discovery preceding merits discovery. It is appropriate and efficient in this case for the Court to rule on class certification before imposing on Cliffs (and its shareholders) the cost and burden of responding to merits discovery. Bifurcation is consistent with the case law and the Manual for Complex Litigation, and is appropriate in this case because the class discovery that defendants anticipate taking will be quite limited in time and scope, and plaintiff will suffer no prejudice from a short postponement in merits discovery.[5] Moreover, many members of the putative class whom plaintiff proposes to represent remain current shareholders of Cliffs, and it would directly contradict their interests needlessly to magnify the expense and burden of discovery upon their company. Finally, plaintiff's proposed schedule would result in a class certification hearing and determination not occurring until the close of fact discovery—or even later—in direct conflict with Rule 23(c)(1)(A)'s requirement that class certification be decided "at an early practicable time."[6]

Bifurcation is especially appropriate in light of recent developments in the law that have raised novel and complex class certification issues that district and appeals courts are wrestling

---

[4] The fact that the entity that owns the Bloom Lake mine entered restructuring proceedings in Canada in January 2015 is irrelevant to the PSLRA discovery stay, as Cliffs had already taken appropriate actions to preserve evidence relevant to this case.

[5] "Courts often bifurcate discovery between certification issues and those related to the merits of the allegations" because "[d]iscovery relevant only to the merits delays the certification decision and may ultimately be unnecessary . . . and can create extraordinary and unnecessary expense and burden." *Manual for Complex Litigation*, Fourth § 21.14. *See also* 1 *McLaughlin on Class Actions* § 3.10 (7th ed. 2010) ("[I]nterests of cost and resource efficiency often support formally deferring full-blown merits discovery until class certification is decided. In addition, confining discovery to class issues until certification is decided may facilitate compliance with Fed. R. Civ. P. 23(c)(1)(A)'s mandate that class certification be decided 'at an early practicable time.'").

[6] *See Harris v. comScore, Inc.*, 2012 U.S. Dist. LEXIS 27665 at *9 (N.D. Ill. Mar. 2, 2012) ("[B]ifurcation of discovery is the more sensible approach . . . . Proceeding with merits discovery, which may well involve the review of millions of documents not directly relevant to the issues of class certification, may delay the parties' submission of supplemental briefing on the class certification issue. Any delay would frustrate the court's effort to certify the action as a class action '[a]t an early practicable time,' as is mandated by Rule 23(c)(1)(A).")

with now.  The Supreme Court's recent *Halliburton*[7] and *Comcast*[8] cases have made clear that plaintiffs bear a significant burden in seeking class certification, no less in securities cases than in other kinds of cases.  *Halliburton* makes clear that courts must undertake a searching inquiry to determine whether the so-called fraud-on-the-market theory applies in a given securities case, and *Comcast* requires a court to determine whether a plaintiff has proven that a scientifically rigorous method exists to determine damages on a class-wide basis.  Issues arising under these cases have stymied class certification in some very recent securities cases.[9]  In *Halliburton* itself, on remand following the Supreme Court's decision, the determination on class certification—involving a company traded on the New York Stock Exchange, just like Cliffs—is still pending and the district court imposed a stay on all other discovery pending that determination.  Order, *Erica P. John Fund, Inc. v. Halliburton Co.*, No. 3:02-cv-1152 (N.D. Tex. July 22, 2014) (granting defendants' Emergency Motion to Stay Discovery Pending Determination on Class Certification following Supreme Court decision).[10]

With respect to merits discovery, at the proper time, defendants expect to seek discovery on the following topics:  the factual bases of the plaintiff's claims; the so-called confidential witnesses cited in the complaint; plaintiff's alleged damages; reliance; loss causation; and the defendants' affirmative defenses.  Defendants also may seek discovery on other topics that may emerge during the course of discovery.

Defendants expect that at least some of the discovery plaintiff will seek, and perhaps a substantial portion of that discovery, will involve sources of information outside the United States and in languages other than English, which may pose problems during the discovery process.

Defendants are evaluating the possible use of technology-assisted review (TAR) in the discovery process here.  If defendants determine to employ TAR, they anticipate conducting discussions with plaintiff's counsel regarding that topic.

Defendants view the limits on the number of interrogatories and the number and length of depositions set forth in the Federal Rules of Civil Procedure as appropriate here.

---

[7] *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014).

[8] *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013).

[9] *See, e.g.*, *In re BP p.l.c. Secs. Litig.*, No. 4:10-md-2185, 2014 BL 139824 (S.D. Tex. May 20, 2014 (denying class certification motion in principal part, based on *Comcast*); *Fort Worth Empl. Ret. Fund v. J.P. Morgan Chase & Co.*, 301 F.R.D. 116 (S.D.N.Y. 2014) (denying certification of damages class in securities case, based on *Comcast*); *In re Kosmos Energy, Ltd. Secs. Litig.*, 299 F.R.D. 133 (N.D. Tex. 2014) (denying class certification in securities case, under *Comcast*).

[10] The point at issue is bifurcation, and none of the cases plaintiff cites in note 3 deals with bifurcation, with the exception of *Groupon*.  In *Groupon*, the court denied a motion to bifurcate where the plaintiffs already had filed a class certification motion and the court already had ordered "an early briefing schedule that will allow for an expeditious ruling on the class certification issue," unlike here, where plaintiff proposes a schedule that would not result in a decision on class certification until the close of fact discovery or later.

6

B.      Describe anticipated e-discovery issues (i.e., what ESI is available and where it resides; ease/difficulty and cost of producing information; schedule and format of production; preservation of information; agreements about privilege or work-product protection, etc.):

Lead Plaintiff's position:

As described in ¶ 7.D, below, document requests may be submitted on May 8, 2015.  To avoid the delays that typically accompany ESI productions, Lead Plaintiff proposes that the receiving party respond with (i) objections and proposed search terms/custodian list (with brief descriptions of each ESI custodian's title and responsibilities) and (ii) a list of electronic systems and shared or individual stores (with file types and formats) within 14 days thereafter; the propounding party responds and makes counterproposals seven days after that.  The Parties will submit any outstanding disputes to the Court for resolution within 30 days of service of discovery requests.  Rolling production of materials responsive to agreed-upon or so-ordered terms are to begin within 30 days of such agreement or order.  Prior to the beginning of the production of any ESI the Parties shall agree upon and designate a protocol for the format and organization of the ESI to be produced.

Substantial completion of document production should occur by September 8, 2015, which provides four months from the beginning of the discovery period, as noted below.

As stated above, Lead Counsel has previously had negative experiences with the integrity and thoroughness of TAR.  However, Lead Plaintiff will engage in discussions on the topic should Defendants seek to propose using TAR in connection with the discovery process.

Defendants' position:

Defendants believe the default standard for discovery of electronically-stored information ("ESI") in Appendix K to the Local Rules is appropriate here.  Defendants are evaluating the possible use of technology-assisted review (TAR) in the discovery process here.  If defendants determine to employ TAR, they anticipate conducting discussions with plaintiff's counsel regarding that topic.

As discussed in Section 7.A above, the PSLRA automatic discovery stay would apply if defendants were to file a motion to dismiss the Complaint.

Plaintiff appears to propose truncating the normal period for responding to written discovery requests.  There is no occasion to do that here.  The proposal is of a piece with plaintiff's other positions that appear calculated to magnify the expense and burden on Cliffs in what is likely to be mostly a one-way discovery process, contrary to the proportionality requirements of the Federal Rules and the interests of the many class members who are current Cliffs shareholders.  *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 739-40 (1975) (warning that "litigation under Rule 10b-5 presents a danger of vexatiousness different in degree

and in kind from that which accompanies litigation in general . . . . The very pendency of the lawsuit may frustrate or delay normal business activity of the defendant which is totally unrelated to the lawsuit.").

        C.      Describe handling of expert discovery (i.e., timetable for disclosure of names and exchange of reports, depositions):

Lead Plaintiff's position:

Lead Plaintiff's proposal for expert discovery is addressed below in ¶ D, but anticipates identification of issues for expert testimony during the fact discovery period and completion of expert discovery approximately two months after the end of fact discovery.

Defendants' position:

Defendants anticipate using expert witnesses.  Defendants propose the following timetable for expert-related matters:

| Event | Date |
|---|---|
| Plaintiff to make expert disclosures pursuant to Rule 26(a)(2) | 30 days after close of fact discovery |
| Defendants to make expert disclosures pursuant to Rule 26(a)(2) | 45 days after plaintiff's expert disclosures |
| Plaintiff to make expert disclosures solely for rebuttal purposes | 30 days after defendants' expert disclosures |
| Close of expert discovery | 30 days after plaintiff's rebuttal disclosures |

        D.      Discovery deadlines:

Lead Plaintiff's position:

To efficiently prepare this case for trial within approximately one year, Lead Plaintiff proposes a pretrial schedule that begins with an eight-month period of fact discovery, which would combine merits and class certification discovery.  The fact discovery would focus first on the production of documents, along with initial interrogatories and requests for admissions, and followed by fact depositions.  After fact discovery concludes, Lead Plaintiff proposes an approximately two-month period of expert discovery, followed by summary judgment briefing (if any) and trial preparation.

Lead Plaintiff also proposes that joint written status reports be provided to the Court on a monthly basis, and that in-person conferences with the Court be set for every other month during the fact and expert discovery periods.

Lead Plaintiff believes the following schedule will provide the most efficient, reasonable, and balanced approach to the discovery and pretrial phases of this matter.

| Event | Date |
|---|---|
| Rule 26(a) initial disclosures | April 30, 2015 |
| FACT DISCOVERY BEGINS | May 8, 2015 |
| Responses to initial demands for production of documents | May 22, 2015 |
| Proposed custodians, search terms, and shared stores for electronically stored information (ESI) | May 22, 2015 |
| Propounding party to respond to receiving party's proposal and conduct meet-and-confer regarding ESI disputes, including search terms | May 29, 2015 |
| Reach agreement on ESI search terms or submit disputes to the Court | June 5, 2015 |
| Rolling production of documents to commence[11] | July 1, 2015 |
| Substantial completion of document productions | September 8, 2015 |
| Deposition period begins | September 8, 2015 |
| Disclosure of expected subject matters of expert opinion | September 8, 2015 |
| Class certification motion | October 2, 2015 |
| Brief in opposition to class certification motion | November 6, 2015 |
| Reply brief in connection with class certification motion | December 4, 2015 |
| COMPLETION OF FACT DISCOVERY | January 8, 2016 |
| EXPERT DISCOVERY BEGINS | January 15, 2016 |
| Expert disclosures and reports | January 15, 2016 |
| Rebuttal expert disclosures and reports | February 12, 2016 |
| COMPLETION OF EXPERT DISCOVERY | March 18, 2016 |
| Summary judgment motion(s) | April 8, 2016 |
| Brief(s) in opposition to summary judgment motion(s) | May 9, 2016 |
| Reply brief(s) in connection with summary judgment motion(s) | May 23, 2016 |
| *Daubert* motions | June 14, 2016 |

[11] Privilege logs to be exchanged within seven days of each production of documents.

9

| Event | Date |
|---|---|
| *In limine* motions | June 14, 2016 |
| In-person status/settlement conference | June 21, 2016 |
| TRIAL | June 28, 2016 |

<u>Defendants' position:</u>

Establishing a merits discovery cut-off date at this juncture would be an artificial exercise, given the uncertainty about when the PSLRA automatic discovery stay may end, when a class certification decision may issue, and the possibility of a Rule 23(f) appeal following a class certification decision.  If the case survives any motion to dismiss and class certification proceedings, the parties should confer and propose a meaningful discovery schedule to the Court and/or request that the Court schedule a pretrial conference concerning the same.

As discussed above, merits discovery should be deferred until a determination is made with respect to class certification.  Defendants propose the following schedule for class certification proceedings:

| Event | Date |
|---|---|
| Class certification discovery | Commencing immediately after the filing of defendants' answer (if no motion to dismiss is filed) or after the end of the PSLRA discovery stay (if a motion to dismiss is filed) |
| Class certification motion | 30 days after start of class certification discovery |
| Response to class certification motion | 90 days after class certification motion is filed |
| Reply in support of class certification | 30 days after defendants' opposition |
| Class certification hearing/status conference | Approximately 30 days after class certification briefing is complete |

If the Court were to disagree with the defendants on bifurcation of class and merits discovery, defendants suggest the following schedule:

| Event | Date |
|---|---|
| Start of discovery | Upon expiration of PSLRA discovery stay (if motion to dismiss is filed) or filing of answer (if no motion to dismiss is filed) |
| Class certification motion | 30 days after start of discovery |
| Response to class certification motion | 90 days after class certification |

11

| | motion is filed |
|---|---|
| Reply in support of class certification | 30 days after defendants' opposition |
| Class certification hearing/status conference | Approximately 30 days after class certification briefing is complete |
| Fact discovery cutoff | 15-18 months after start of discovery |
| Plaintiff to make expert disclosures pursuant to Rule 26(a)(2) | 30 days after close of fact discovery |
| Defendants to make expert disclosures pursuant to Rule 26(a)(2) | 45 days after plaintiff's expert disclosures |
| Plaintiff to make expert disclosures solely for rebuttal purposes | 30 days after defendants' expert disclosures |
| Close of expert discovery | 30 days after plaintiff's rebuttal disclosures |
| Dispositive motions due | 30 days after close of expert discovery |

8.      The parties disagree as to the recommended dispositive motion date.

Lead Plaintiff's position:

See above, Section 7.D. for Lead Plaintiff's proposed schedule.  Lead Plaintiff believes that a dispositive motion cut-off date should not be contingent upon when class certification is decided.

Defendants' position:

Defendants believe that a dispositive motion cut-off date should be set after class certification is decided, if the case continues past that point.

9.      The parties disagree as to the recommended cut-off date for amending the

pleadings and/or adding additional parties.

Lead Plaintiff's position:

Lead Plaintiff proposes November 13, 2015. Lead Plaintiff has not had access to any discovery. Any limitation in advance on the ability to seek leave to amend would be premature and contrary to the standard set forth in the Federal Rules.

Defendant's position:

Plaintiff already has been given and has taken advantage of multiple opportunities to amend. No further amendments should be permitted.


10.     The parties disagree as to the timing of a hearing and/or final pretrial settlement

conference.

Lead Plaintiff's position:

See above, Section 7.D. for Lead Plaintiff's proposed schedule.

Defendant's position:

Defendants propose that the Court hold a class certification hearing/status conference approximately 30 days after class certification briefing is complete. If the case continues, defendants propose a final pretrial conference at the Court's convenience following ruling on dispositive motions.


11.     Other matters for the attention of the Court:

On May 1, 2015, promptly following the parties' circulation of initial disclosures, Lead Plaintiff sent a written demand to resolve the litigation to Defendants' counsel, and on May 5, Defendants sent a written response.

The parties are having discussions about preparing a joint protective order to be filed with the Court concerning discovery-related topics.

13

Dated:  May 5, 2015

Respectfully Submitted,

s/ Scott D. Simpkins
John R. Climaco (0011456)
Scott D. Simpkins (0066775)
CLIMACO WILCOX PECA TARANTINO
& GAROFOLI CO., LPA
55 Public Square, Suite 1950
Cleveland, Ohio 44113
Telephone: (216) 621-8484
Facsimile:  (216) 771-1632
jrclim@climacolaw.com
sdsimp@climacolaw.com

*Local Counsel for Lead Plaintiff, the
Department of the Treasury of the State of
New Jersey and its Division of Investment*

Michael B. Himmel
Michael T.G. Long
Jamie R. Gottlieb
Joseph A. Fischetti
Brandon M. Fierro
LOWENSTEIN SANDLER LLP
65 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile:  (973) 597-2400
mhimmel@lowenstein.com
mlong@lowenstein.com
jgottlieb@lowenstein.com
jfischetti@lowenstein.com
bfierro@lowenstein.com

Max W. Berger
Gerald A. Silk
James A. Harrod
Jeremy Robinson
Rebecca E. Boon
Adam D. Hollander
BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
MWB@blbglaw.com
jerry@blbglaw.com
jim.harrod@blbglaw.com
jeremy@blbglaw.com
rebecca.boon@blbglaw.com
adam.hollander@blbglaw.com

*Counsel for Lead Plaintiff, the Department
of the Treasury of the State of New Jersey
and its Division of Investment, and Lead
Counsel for the Class*

14

s/ John M. Newman, Jr.
John M. Newman, Jr. (0005763)
Geoffrey J. Ritts (0062603)
Adrienne Ferraro Mueller (0076332)
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:     (216) 586-3939
Facsimile:     (216) 579-0212
jmnewman@jonesday.com
gjritts@jonesday.com
afmueller@jonesday.com

*Attorneys for Defendants*

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 5, 2015, a copy of the foregoing Report of Parties' Planning Meeting under Fed. R. Civ. P. 26(f) and L.R. 16.3(b) was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

s/ Scott D. Simpkins
Scott D. Simpkins (0066775)
CLIMACO WILCOX PECA TARANTINO
& GAROFOLI CO., LPA
55 Public Square, Suite 1950
Cleveland, Ohio 44113
Telephone: (216) 621-8484
Facsimile:  (216) 771-1632
sdsimp@climacolaw.com

16