UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY AND ITS DIVISION OF INVESTMENT, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLIFFS NATURAL RESOURCES INC., JOSEPH CARRABBA, LAURIE BRLAS, TERRY PARADIE, and DAVID B. BLAKE,<br><br>Defendants. | Civ. A. No. 14-CV-1031-DAP<br><br>Judge Dan Aaron Polster<br><br>Magistrate Judge Greg White |

## DEFENDANTS' STATEMENT ON SCHEDULING

In the "Parties' Submission on Scheduling" (D.I. 85, filed Nov. 16, 2015), the two sides presented competing proposals on discovery scheduling.  In this paper, defendants explain the rationale for their proposal.

The main difference between the proposed schedules is the time provided for document production and depositions.  Plaintiff proposes that all document production happen over slightly more than two months (early January to mid-March 2016) and all depositions occur in just over four months (mid-March to late July 2016).  Defendants propose an eight-month period for document production (January to September 2016) and six months for depositions (September 2016 to March 2017).  Defendants' proposal is the more reasonable one.

First, defendants, on whom the largest discovery burden by far will lie, simply cannot in good faith propose or agree to a schedule they do not believe can be met (with the risk that they

NAI-1500646327v3

would be pilloried later for not meeting it).  And we do not believe the schedule proposed by plaintiff is achievable.  There is every indication that plaintiff intends to seek very broad discovery here, including documents in foreign countries and in languages other than English, and from numerous custodians in addition to Cliffs senior management.  Plaintiff has not expressed any intention of narrowing discovery to Cliffs senior management or to the corporate headquarters location.  And plaintiff apparently contemplates that as many as forty depositions will be taken.  Absent any indication that a focused, limited, proportionate approach to discovery will be forthcoming, defendants feel compelled to propose a schedule that provides sufficient time to respond to broad and sweeping discovery requests, and that allows for a large number of depositions.[1]  As the Supreme Court warned long before the onset of electronic discovery, discovery in securities cases "presents a danger of vexatiousness different in degree and in kind from that which accompanies litigation in general."  *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 739 (1975).  *See also id.* at 741 ("The potential for possible abuse of the liberal discovery provisions of the Federal Rules of Civil Procedure may likewise exist in this type of case to a greater extent than they do in other litigation.").

The only way anything in the vicinity of plaintiff's proposed schedule might conceivably have been feasible would have been if discovery were strictly limited to the individual defendants and the people who directly reported to them on Bloom Lake and the dividend. (Since the state of defendants' knowledge at the time of the alleged misstatements is a central

---

[1] It is not realistic, for example, to expect that forty depositions can be taken in a case of this kind in four months – a rate of almost one every other business day – especially where the witnesses are likely to be geographically scattered around the U.S. and in foreign countries including Canada and Australia.

To the extent the differentiated case management guidelines may be relevant, the 20-month period from the beginning of fact discovery to the end of expert discovery in defendants' proposal is consistent with the guidelines for cases on the Complex track.  Notably, the differentiated case management guidelines assume discovery will be taken in compliance with the Federal Rules of Civil Procedure, which set a presumptive deposition limit at half the number of depositions plaintiff wants to take here.

NAI-1500646327v3

issue in any fraud case, that sort of limitation would be eminently reasonable.)  We have received no indication from plaintiff, however, of a willingness to focus discovery in that way.  Quite the contrary -- plaintiff's claimed need for as many as twenty fact depositions just for itself indicates it will cast a wide fishing net.[2]

Besides the generally infeasible overall time frame, there are a number of other objectionable features to plaintiff's proposal:

- The expert discovery cutoff cannot be the same as the due date for plaintiff's rebuttal reports, otherwise how could plaintiff's experts be deposed on their rebuttal reports?

- There is no basis to shorten the time for responding to document requests, as plaintiff contemplates by requiring responses and meet-and-confers to occur before the time provided in Rule 34(b)(2)(A) to serve a written response to document requests.

- The proposed requirement to submit privilege logs within seven days of any document production is unreasonable and inconsistent with sensible, actual production; imposing a requirement of that kind would serve only to delay each production until such time as the associated privilege log were nearly complete.

All in all, it seems plaintiff wants to create a discovery rush, with inevitable contentiousness over deadline compliance.  We urge the Court to reject that approach.

Defendants would be pleased to provide such further information as the Court may desire.

---

[2] Although discovery was stayed while the motion to dismiss was pending (in line with the PSLRA), there was, as the Court observed during one of the conferences several months ago, nothing to prevent the plaintiff from serving discovery requests in the meantime (with the understanding that the time for responding would not run during the stay).  However, plaintiff has not served anything, forcing us to plan for a likely much broader approach.

Dated:  November 16, 2015

Respectfully submitted,

s/ John M. Newman, Jr.
John M. Newman, Jr. (0005763)
Geoffrey J. Ritts (0062603)
Adrienne Ferraro Mueller (0076332)
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:      (216) 586-3939
Facsimile:      (216) 579-0212
jmnewman@jonesday.com
gjritts@jonesday.com
afmueller@jonesday.com

*Attorneys for Defendants*

NAI-1500646327v3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 16, 2015, a copy of the foregoing

Defendants' Statement on Scheduling was filed electronically.  Notice of this filing will be sent

by operation of the Court's electronic filing system to all parties indicated on the electronic filing

receipt.  Parties may access this filing through the Court's system.

<div style="margin-left: 50%;">

s/ John M. Newman, Jr.
John M. Newman, Jr. (0005763)
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:    (216) 586-3939
Facsimile:    (216) 579-0212
jmnewman@jonesday.com

*One of the Attorneys for Defendants*

</div>

5