# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY AND ITS DIVISION OF INVESTMENT, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CLIFFS NATURAL RESOURCES INC., JOSEPH CARRABBA, LAURIE BRLAS, TERRY PARADIE, and DAVID B. BLAKE,<br><br>    Defendants. | Civ. A. No. 14-CV-1031-DAP<br><br>CLASS ACTION<br><br>Judge Dan Aaron Polster<br><br>Magistrate Judge Greg White<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties to this Stipulated Protective Order ("Order"), having by and through their respective counsel agreed to the terms set forth therein, and good cause having been shown;

IT IS HEREBY ORDERED THAT:

  1. **Scope**: All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (collectively, "Documents"), shall be subject to this Order concerning confidential information as set forth below. This Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

  2. **Form and Timing of Designation**: A party may designate Documents as confidential and restricted in disclosure under this Order by placing or affixing the word "CONFIDENTIAL" on the Document in a manner that will not interfere with the legibility of the

Document and that will permit complete removal of the "CONFIDENTIAL" designation. Anything that cannot be so labeled or marked on its face shall be labeled or marked by placing the appropriate legend on a container or package in which it is produced or on a tag attached thereto. Documents shall be designated "CONFIDENTIAL" prior to or at the time of the production or disclosure of the Documents. The designation "CONFIDENTIAL" does not mean that the Document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May Be Designated "CONFIDENTIAL"**: Any party (or a non-party producing Documents pursuant to subpoena) may designate Documents as "CONFIDENTIAL" upon making a good faith determination that the Documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, proprietary business information or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as "CONFIDENTIAL."

4. **Depositions**: Either party (or a non-party providing testimony pursuant to subpoena) may orally designate a deposition as "CONFIDENTIAL" at the outset or conclusion of the deposition, or in writing no later than fourteen (14) days after receipt from the court reporter of the final deposition transcript. Any deposition so designated, and any transcripts made of any testimony at such deposition, shall be designated as "CONFIDENTIAL" and governed by this Order, subject to a challenge to such designation as provided for in paragraph 7 of this Order. Until the expiration of the fourteen (14) day period, all deposition transcripts automatically shall be treated as "CONFIDENTIAL."

5. **Protection of Confidential Material**:

    A. **General Protections**. Documents designated "CONFIDENTIAL" under this Order shall not be used or disclosed by the parties, counsel for the parties, or any

other persons identified in ¶ 5(B) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

      B.    **Limited Third-Party Disclosures**: The parties and counsel for the parties shall not disclose or permit the disclosure of any "CONFIDENTIAL" Documents to any third person or entity except as set forth in subparagraphs (i)-(viii). Subject to these requirements, the following categories of persons may be allowed to review Documents that have been designated "CONFIDENTIAL":

    i.    **Counsel**: Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

    ii.    **Parties**: Parties to this Order and their employees and agents, but only after such Parties, employees and agents have completed the certification contained in Exhibit A ("Acknowledgment of Understanding and Agreement to be Bound");

    iii.    **Court Reporters and Recorders**: Court reporters and recorders engaged for deposition;

    iv.    **Consultants, Investigators and Experts**: Consultants, investigators or experts (collectively, "Experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such Experts have completed the certification contained in Exhibit A;

    v.    **Witnesses**: Any deponent or witness at trial;

    vi.    **Potential Witnesses**: Any potential witness reasonably believed to possess relevant information, but only after such potential witness has completed the certification contained in Exhibit A;

      vii.    **Authors and Recipients**: Any person known, or reasonably believed to be, the author or a recipient of "CONFIDENTIAL" material; and

      viii.    **Others by Consent**: Other persons, but only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Exhibit A ("Acknowledgment of Understanding and Agreement to be Bound").[1]

    C.    **Control of Documents**: Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of Documents designated as "CONFIDENTIAL" pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

    D.    **Copies**: Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (collectively, "Copies") of Documents designated as "CONFIDENTIAL" under this Order, or any individual portion of such a Document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such Copies shall thereafter be entitled to the protection of this Order. The term "Copies" shall not include indices, electronic databases or lists of Documents; provided, however, that these indices, electronic databases or lists do not

---

[1] If the "CONFIDENTIAL" Documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information and disclosure to another party would result in demonstrable harm to the disclosing party, then the parties may stipulate to or move for the establishment of an additional category of protection that prohibits disclosure of such Documents or information to persons in category (ii) or that limits disclosure only to specifically designated in-house counsel or party representative(s) whose assistance is reasonably necessary to the conduct of the litigation and who agree to be bound by the terms of this Order.

contain portions or images of the text of "CONFIDENTIAL" Documents or otherwise disclose the substance of the "CONFIDENTIAL" information contained in those Documents.

  E. **Inadvertent Failure to Designate Documents as "CONFIDENTIAL":** If a party inadvertently produces any confidential Documents without a designation of "CONFIDENTIAL," the producing party may notify the receiving parties of the circumstance and identify the Documents that should be designated "CONFIDENTIAL." The producing party shall also provide a new set of the Documents, bearing the "CONFIDENTIAL" legend, which shall thereupon be treated in accordance with this Order.

  6. **Filing of "CONFIDENTIAL" Documents Under Seal**: The Court highly discourages the manual filing of any pleadings or Documents under seal. To the extent that a brief, memorandum or pleading references any Document marked as "CONFIDENTIAL," then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

  A. Before any Document marked as "CONFIDENTIAL" is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the Document as "CONFIDENTIAL" to determine whether, with the consent of that party, the Document or a redacted version of the Document may be filed with the Court not under seal.

  B. Where agreement is not possible or adequate, and to the extent Documents containing "CONFIDENTIAL" information are filed with the Clerk, the filing counsel shall file such "CONFIDENTIAL" Documents under seal using the Court-specified procedures for the same as are set forth in Local Rule 5.2, with the appropriate labeling attached, and to alert opposing counsel of the filing.

  C. To the extent that it is necessary for a party to discuss the contents of any "CONFIDENTIAL" information in a brief, memorandum or pleading, then such portion

of the brief, memorandum or pleading may be filed under seal as set forth in subsection B above. In such circumstances, counsel shall prepare two versions of the brief, memorandum or pleading, a public and a confidential version. The public version shall contain a redaction of references to "CONFIDENTIAL" Documents. The "CONFIDENTIAL" version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as set forth in subsection B above.

7. **Challenges by a Party to Designation as Confidential**: Any "CONFIDENTIAL" designation is subject to challenge by any party. Before filing with the Court any motions or objections to a confidentiality designation, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the "CONFIDENTIAL" designation as to any Documents subject to the objection, the designating party shall serve on all parties a notice specifying the Documents and the nature of the agreement.

8. **Action by the Court**: Applications to the Court for an order relating to any Documents designated "CONFIDENTIAL" shall be by motion under Local Rule 7.1. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any Documents produced or used in discovery or at trial.

9. **Use of Confidential Documents or Information at Trial**: All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any Document that may be introduced by any party during the trial. If a party intends to present at trial "CONFIDENTIAL" Documents, such party shall provide advance notice to the other party at least ten (10) days before the commencement of trial by identifying the Documents at issue as specifically as possible (*i.e.*, by Bates number, page range, deposition transcript lines, etc.) without divulging the actual "CONFIDENTIAL" Documents. The Court may thereafter make such orders as are necessary to govern the use of such Documents at trial.

10. **Obligations on Conclusion of Litigation**:

A. **Order Remains in Effect**:  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

B. **Return of "CONFIDENTIAL" Documents**:  Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all Documents treated as "CONFIDENTIAL" under this Order, including copies as defined in ¶ 5(D), shall be returned to the producing party unless:  (1) the Document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to Documents bearing the notations, summations or other mental impressions of the receiving party, that party elects to destroy the Documents and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy Documents, counsel may retain attorney work product, including an index which refers or relates to information designated "CONFIDENTIAL," so long as that work product does not duplicate verbatim substantial portions of the text or images of "CONFIDENTIAL" Documents.  This work product shall continue to be "CONFIDENTIAL" under this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose "CONFIDENTIAL" Documents or information derived therefrom.

C. **Return of Documents Filed under Seal**:  After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy Documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

11. **Receipt of Non-Party Demand for Documents Designated "CONFIDENTIAL"**:  If any receiving party is subpoenaed or served any legal process by a non-party to this action seeking "CONFIDENTIAL" Documents that were designated as such by another party to this action or a non-party, the receiving party shall give written notice of such subpoena or process to the producing party within five (5) business days or a reasonable period

7

before the "CONFIDENTIAL" Documents must be disclosed, whichever is earlier. The receiving party shall be permitted to respond in a timely manner to such subpoena or legal process without violation of this Order, if (i) the notice is timely given, and (ii) within the period provided for response to such subpoena or legal process, the producing party has neither moved to intervene to seek a court order preventing disclosure of the "CONFIDENTIAL" Documents nor made other arrangements with the person or entity issuing the subpoena or legal process. If the producing party has moved to intervene to seek a court order preventing disclosure of the "CONFIDENTIAL" Documents, the receiving party is prohibited from disclosing the "CONFIDENTIAL" Documents until the motion to prevent such disclosure is adjudicated.

12. **Privileged Materials:**

**(a)** Pursuant to Federal Rule of Evidence 502, the production or disclosure of any Document otherwise protected by the attorney-client privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity in this or any other proceeding.

**(b)** Upon discovering that a production of privileged Documents has occurred, the party who made the production or disclosure will send to each receiving party a written request for return of the Documents. After receiving such a written request, the receiving party shall not use the information contained in such Documents for any purpose, or disseminate or transmit such information (except to provide the Documents under seal to the Court in conjunction with filing a motion to compel as set forth in subsection (c) below), unless the Court issues an order finding that the Documents are not privileged or otherwise protected from disclosure. Within five (5) days of receiving the producing party's written request, the receiving party shall either:

8

   **(1)** return to the producing party all Documents identified by the producing party as being protected by the attorney-client privilege, work product immunity, or other privilege or immunity;

   **(2)** destroy all such Documents and any copies or extracts of them; or

   **(3)** if the receiving party files a motion to compel the production of the Documents, it shall sequester all such Documents by placing them in a sealed envelope that shall remain sealed pending an order of the Court, and it shall destroy all other copies or extracts of the Documents.

 **(c)** The receiving party expressly reserves its right to challenge the producing party's designation of any Document as privileged or immune under Federal Rule of Evidence 502 or any other applicable authority. If the receiving party reasonably and in good faith believes that there is a basis for contesting the privileged or protected status of a Document whose return has been requested pursuant to subsection (b), the receiving party may promptly file a motion for an order compelling production of the Document, and may present the Document to the Court under seal for a determination of that motion.

 13. **Order Subject to Modification**: This Order shall be subject to modification by the Court on its own motion or on motion of a party. Motions to modify this Order shall be served and filed under Local Rule 7.1.

 14. **No Prior Judicial Determination**: This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Documents designated "CONFIDENTIAL" by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule

9

on a specific Document or issue.  Nothing in this Order shall prejudice in any way the rights of a producing party to object to the production of documents, testimony or other material that such party considers not subject to discovery.

      15. **Persons Bound**: This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.


Dated: December 1, 2015

                                                            _____
                                                            Dan Aaron Polster
                                                            United States District Judge

| | |
|---|---|
| **WE SO STIPULATE** and agree to abide by the terms of this Order. | **WE SO STIPULATE** and agree to abide by the terms of this Order. |
| /s/ Scott D. Simpkins_____ <br>John R. Climaco (0011456) <br>Scott D. Simpkins (0066775) <br>**CLIMACO WILCOX PECA** <br>**TARANTINO & GAROFOLI CO., LPA** <br>55 Public Square, Suite 1950 <br>Cleveland, Ohio 44113 <br>Telephone: (216) 621-8484 <br>Facsimile:  (216) 771-1632 <br>jrclim@climacolaw.com <br>sdsimp@climacolaw.com <br><br>*Local Counsel for Lead Plaintiff, the Department of the Treasury of the State of New Jersey and its Division of Investment* <br><br>Michael B. Himmel <br>Michael T.G. Long <br>Jamie R. Gottlieb <br>Joseph A. Fischetti <br>Brandon M. Fierro | /s/ Geoffrey J. Ritts_____ <br>John M. Newman, Jr. (0005763) <br>Geoffrey J. Ritts (0062603) <br>Adrienne Ferraro Mueller (0076332) <br>Brett W. Bell (0089168) <br>**JONES DAY** <br>901 Lakeside Avenue <br>Cleveland, Ohio 44114-1190 <br>Telephone:  216.586.3939 <br>Facsimile:  216.579.0212 <br>jmnewman@jonesday.com <br>gjritts@jonesday.com <br>afmueller@jonesday.com <br>bwbell@jonesday.com <br><br>*Counsel for Defendants Cliffs Natural Resources, Inc., Joseph Carrabba, Laurie Brlas, Terry Paradie, and David B. Blake* |

**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
mhimmel@lowenstein.com
mlong@lowenstein.com
jgottlieb@lowenstein.com
jfischetti@lowenstein.com
bfierro@lowenstein.com

Max W. Berger
James A. Harrod
Rebecca E. Boon
Jeremy P. Robinson
Adam Hollander
**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
jim.harrod@blbglaw.com
rebecca.boon@blbglaw.com

*Counsel for Lead Plaintiff, the Department of the Treasury of the State of New Jersey and its Division of Investment and Lead Counsel for the Class*

11

EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY AND ITS DIVISION OF INVESTMENT, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLIFFS NATURAL RESOURCES INC., JOSEPH CARRABBA, LAURIE BRLAS, TERRY PARADIE, and DAVID B. BLAKE,<br><br>Defendants. | Civ. A. No. 14-CV-1031-DAP<br><br>CLASS ACTION<br><br>Judge Dan Aaron Polster<br><br>Magistrate Judge Greg White<br><br>**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND** |

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order ("Order") dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned agrees to the personal jurisdiction of the United States District Court for the Northern District of Ohio with regard to matters relating to the Order. The undersigned further understands that the terms of the Order obligate him/her to use Documents designated "CONFIDENTIAL" in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Dated: _____ _____