**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY AND ITS DIVISION OF INVESTMENT, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CLIFFS NATURAL RESOURCES INC., JOSEPH CARRABBA, LAURIE BRLAS, TERRY PARADIE, and DAVID B. BLAKE, <br><br> Defendants. | Case No. 1:14-cv-1031 <br><br> Judge Dan Aaron Polster <br><br> Magistrate Judge Greg White |

## ORDER PRELIMINARILY APPROVING PROPOSED
## SETTLEMENT WITH INDIVIDUAL DEFENDANTS AND PROVIDING FOR NOTICE

WHEREAS, a securities class action is pending in this Court entitled *The Department of the Treasury of the State of New Jersey and its Division of Investment v. Cliffs Natural Resources Inc., et al.*, Case No. 1:14-cv-1031 (the "Action");

WHEREAS, (a) Lead Plaintiff, The Department of the Treasury of the State of New Jersey and its Division of Investment ("New Jersey"), on behalf of itself and the other members of the Settlement Class (defined below); and (b) defendants Terrance Paradie, Joseph Carrabba, Laurie Brlas, and David Blake (collectively, the "Individual Defendants" or the "Settling Defendants," and together with New Jersey, the "Settling Parties") have determined to settle all claims asserted in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement with Individual Defendants dated March 10, 2016 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Defendant Cliffs Natural Resources Inc. ("Cliffs" or the "Company") is a signatory to the Stipulation and is a participant in the proposed Settlement only for the limited purposes of: (a) exchanging Releases with New Jersey and the Settlement Class; (b) making certain representations concerning the events and conduct of the parties and their counsel in connection with and related to the Action; (c) providing shareholder records to New Jersey; and (d) providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.*;

WHEREAS, New Jersey has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) New Jersey's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Class Certification for Settlement Purposes</u>** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who or which purchased Cliffs common stock from March 14, 2012 through March 26, 2013, inclusive (the "Settlement Class Period") and were damaged thereby. Excluded from the Settlement Class are Defendants; members of the Immediate Family of each of the Individual Defendants; the Officers and/or directors of Cliffs during the Settlement Class Period; any firm, trust,

corporation, or other entity in which any Defendant has or had a controlling interest; and any persons or entities that exclude themselves by submitting a request for exclusion that is accepted by the Court as valid.

2. **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of New Jersey in the Action are typical of the claims of the Settlement Class; (d) New Jersey and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class and will continue to do so; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff, The Department of the Treasury of the State of New Jersey and its Division of Investment, is an adequate class representative and certifies New Jersey as the Class Representative for the Settlement Class.  The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.    **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on June 30, 2016 at 12:00 p.m. in Courtroom 18B of the Carl B. Stokes United States Court House, 801 West Superior Avenue, Cleveland, Ohio 44113-1837, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 8 of this Order.

6.    The Court may adjourn the Settlement Hearing without further notice to the Settlement Class; may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class; and may enter the Judgment or Alternate Judgment, if applicable, regardless of whether it has approved the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees or reimbursement of Litigation Expenses.

7.    **CAFA Notice** – Defendants shall no later than ten (10) calendar days following the filing of the Stipulation with the Court serve upon the appropriate state official of each state in which a Class Member resides and the Attorney General of the United States a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28

U.S.C. § 1715 et seq. ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least fourteen (14) calendar days before the Settlement Hearing, Settling Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

8. **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel are hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) within five (5) business days of the date of entry of this Order, Cliffs shall provide or cause to be provided to the Claims Administrator in electronic searchable form, such as Excel (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator), data from shareholder transfer records containing the names and addresses of record holders who purchased Cliffs common stock during the Settlement Class Period;

(b) not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided or caused to be provided by Cliffs, or who otherwise may be identified through further reasonable effort;

(c) contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to

be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9.      **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively; and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 8 of this Order: (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution

(including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.*, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

10.     **Nominee Procedures** – Brokers and other nominees that purchased Cliffs common stock during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

11.     **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing,

Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

12.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the

Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiff's Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14. **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: Cliffs Securities Litigation, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173003, Milwaukee, WI 53217; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *The Department of the Treasury of the State of New Jersey and its Division of Investment v. Cliffs Natural Resources Inc., et al.*, Case No. 1:14-cv-1031"; (iii) state the number of shares of Cliffs common stock that the person or entity requesting exclusion (x) owned as of the close of trading on March 13, 2012, and (y) purchased and/or sold during the Settlement Class Period, as well as the number of shares, dates and prices for each such purchase and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court in a manner and with timing not inconsistent with the right of the Settling Defendants to terminate the Settlement pursuant to the Stipulation. Lead Counsel are authorized

to request from any person or entity requesting exclusion documentation sufficient to prove his, her or its purchases and/or sales of Cliffs common stock during the Settlement Class Period. Copies of all requests for exclusion shall be provided to counsel for Settling Defendants on a weekly basis, but in no event later than fourteen (14) calendar days prior to the Settlement Hearing.

15.     Any person or entity that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16.     Any Settlement Class Member that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiff's Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

17.     **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member that does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead

Counsel and counsel for the Settling Defendants, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member that does not enter an appearance will be represented by Lead Counsel.

18.     Any Settlement Class Member that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and counsel for the Settling Defendants at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Counsel for the Settling Defendants** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP | Jones Day |
| James A. Harrod, Esq. | John M. Newman, Jr., Esq. |
| 1251 Avenue of the Americas, 44th Floor | 901 Lakeside Avenue |
| New York, New York 10020 | Cleveland, Ohio 44114-1190 |

and

Lowenstein Sandler LLP
Michael T.G. Long, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068

Lead Counsel and counsel for the Settling Defendants shall promptly furnish each other with copies of any and all objections that come into their possession.

19.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Cliffs common stock that the objecting Settlement Class Member purchased and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase and sale. Objectors that enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20.     Any Settlement Class Member that does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the Judgment or Alternate Judgment, if applicable, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Judgment or Alternate Judgment, if applicable, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, and from otherwise being heard concerning the Settlement, the Judgment or

Alternative Judgment, if applicable, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins New Jersey and all other members of the Settlement Class from commencing or prosecuting any and all of the Released Plaintiff's Claims against each and all of the Defendants' Releasees.

22.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation.

23.     **Settlement Fund** – The contents of the Settlement Fund held by Valley National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.     **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and

effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of New Jersey, the other Settlement Class Members, the Settling Defendants and Cliffs, and the Settling Parties and Cliffs shall revert to their respective litigation positions in the Action as of immediately prior to the execution of the Term Sheet on January 22, 2016, as provided in the Stipulation.

26.     **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by New Jersey or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the

Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (c) shall be offered or construed as evidence that a class should or should not be certified in the Action if the Settlement is not consummated; or (d) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount that could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27.     **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this 11th day of March, 2016.

The Honorable Dan Aaron Polster
United States District Judge

15

# EXHIBIT 1

Exhibit 1

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY AND ITS DIVISION OF INVESTMENT, on behalf of itself and all others similarly situated, | Case No. 1:14-cv-1031 |
| | Judge Dan Aaron Polster |
| Plaintiff, | Magistrate Judge Greg White |
| v. | |
| CLIFFS NATURAL RESOURCES INC., JOSEPH CARRABBA, LAURIE BRLAS, TERRY PARADIE, and DAVID B. BLAKE, | |
| Defendants. | |

### NOTICE OF (I) PENDENCY OF CLASS ACTION AND CERTIFICATION OF SETTLEMENT CLASS; (II) PROPOSED SETTLEMENT WITH INDIVIDUAL DEFENDANTS; (III) SETTLEMENT HEARING; AND (IV) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO:** All persons and entities who or which purchased the common stock of Cliffs Natural Resources Inc. ("Cliffs") during the period from March 14, 2012 through March 26, 2013, inclusive (the "Settlement Class Period") and were damaged thereby.[1]

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of Ohio (the "Court").

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff, The Department of the Treasury of the State of New Jersey and its Division of Investment ("New Jersey"), on behalf of itself and the other members of the Settlement Class (as defined in ¶ 29 below), has reached a proposed settlement of the Action with defendants Terrance Paradie, Joseph Carrabba, Laurie Brlas, and David Blake (collectively, the "Individual Defendants" or the

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement with Individual Defendants dated March 10, 2016 (the "Stipulation"), which is available at www.CliffsSecuritiesLitigation.com.

"Settling Defendants," and together with New Jersey, the "Settling Parties") for $84,000,000 in cash (the "Settlement").[2]  If approved, the Settlement will resolve all claims asserted in the Action.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Settling Defendants, Cliffs, their counsel, or New Jersey.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 85 below).**

1. **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Terrance Paradie, Joseph Carrabba, Laurie Brlas, David Blake, and Cliffs (collectively, the "Defendants") violated the federal securities laws by making false and misleading statements regarding Cliffs during the Settlement Class Period. A more detailed description of the Action is set forth in ¶¶ 11-28 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 29 below.

2. **Statement of the Settlement Class's Recovery:**  Subject to Court approval, New Jersey, on behalf of itself and the other members of the Settlement Class, has agreed to settle with the Individual Defendants in exchange for a settlement payment of $84,000,000 in cash (the "Settlement Amount"), which has been deposited into an escrow account controlled by Lead Counsel.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed to Settlement Class Members in accordance with a plan of allocation that is approved by the Court.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __-__ below.

3. **Estimate of Average Amount of Recovery Per Share:**  Based on New Jersey's damages expert's estimate of the number of shares of Cliffs common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) is $0.42 per affected share of Cliffs common stock.  Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased or sold their shares and the total number of shares for which valid Claim Forms are submitted.

---

[2] Defendant Cliffs is a signatory to the Stipulation and a participant in the proposed Settlement only for limited purposes, including:  (i) exchanging Releases with New Jersey and the Settlement Class, as more fully described in ¶¶ 35-41 below; (ii) making certain representations concerning the events in and conduct of the parties and their counsel in connection with and related to the Action; (iii) providing shareholder records to New Jersey for purposes of providing notice to the Settlement Class; and (iv) providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.*

4.  **Average Amount of Damages Per Share:**  The Settling Parties do not agree on the average amount of damages per share that would be recoverable if New Jersey were to prevail in the Action.  Among other things, the Settling Defendants do not agree that they violated the federal securities laws or that damages were suffered (at all, or in the amount contended by New Jersey) by any members of the Settlement Class as a result of their conduct.

5.  **Attorneys' Fees and Expenses Sought:**  Plaintiff's Counsel, which have been prosecuting this Action on a wholly contingent basis since its inception in 2014, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute the Action.  Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP and Lowenstein Sandler LLP, will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 16% of the Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $600,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by New Jersey directly related to its representation of the Settlement Class.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  If the Court approves Lead Counsel's fee and expense application, the estimated average cost per affected share of Cliffs common stock will be approximately $0.07.

6.  **Identification of Attorneys' Representatives:**  New Jersey and the Settlement Class are represented by James A. Harrod, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, New York 10020, (800) 380-8496, and Michael T.G. Long, Esq. of Lowenstein Sandler LLP, 65 Livingston Avenue, Roseland, New Jersey 07068, (973) 597-2500.

7.  **Reasons for the Settlement:**  New Jersey's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after further contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years.  The Settling Defendants and Cliffs, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN AUGUST 8, 2016.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 36 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 37 below), so it is in your interest to submit a Claim Form. |

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN JUNE 9, 2016.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiff's Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN JUNE 9, 2016.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON JUNE 30, 2016 AT 12:00 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN JUNE 9, 2016.** | Any Settlement Class Member may attend the Settlement Hearing.  Filing a written objection and notice of intention to appear by June 9, 2016 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, if you also file a notice of intention to appear, speak to the Court about your objection at the discretion of the Court. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?                                                                     Page __
What Is This Case About?                                                                        Page __
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Settlement Class?                                Page __
What Are the Lead Plaintiff's Reasons For The Settlement?                                       Page __
What Might Happen If There Were No Settlement?                                                  Page __
How Are Settlement Class Members Affected By The Action
   And The Settlement?                                                           Page __
How Do I Participate In The Settlement?  What Do I Need To Do?                                  Page __

How Much Will My Payment Be?                                                    Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
  How Will The Lawyers Be Paid?                                                 Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself?                                                    Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
    Don't Like The Settlement?                                                 Page __
What If I Bought Shares On Someone Else's Behalf?                               Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions?           Page __

---

**WHY DID I GET THIS NOTICE?**

---

8.     The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* ¶ 75 below for details about the Settlement Hearing, including the date and location of the hearing.

9.     The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased Cliffs common stock during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court has not yet decided whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

---

**WHAT IS THIS CASE ABOUT?**

---

11.    This case is a securities class action and is known as *Department of the Treasury of the State of New Jersey and its Division of Investment v. Cliffs Natural Resources Inc., et al.*, Civil Action No. 1:14-cv-1031-DAP.  The Court in charge of the case is the United States District Court for the Northern District of Ohio, and the presiding judge is the Honorable Dan Aaron Polster.

12.    On May 12, 2014, a putative securities class action complaint was filed with the Court. In accordance with the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, notice to the public was issued stating the deadline by which putative class members could move the Court for appointment as lead plaintiff.

13.    By Order dated July 23, 2014, the Court appointed New Jersey as Lead Plaintiff for the Action, and approved New Jersey's selection of Bernstein Litowitz Berger & Grossmann LLP

5

and Lowenstein Sandler LLP as Lead Counsel, and Climaco Wilcox Peca Tarantino & Garofoli Co., LPA as Local Counsel.

14.    On August 22, 2014, New Jersey filed and served its Amended Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  The Amended Complaint alleges, among other things, that Defendants made materially false and misleading statements and omitted material information regarding the impact of Cliffs' acquisition of a controlling interest in Consolidated Thompson Iron Mines Limited, including the Bloom Lake iron ore mine located in Quebec, Canada.  New Jersey alleged in the Amended Complaint that Defendants fraudulently misled investors into believing that the acquisition and integration of Bloom Lake would sustainably fund the 123% increase in the Company's dividend (announced on the first day of the Settlement Class Period), while also paying for an expansion that would triple the mine's production volume. The Amended Complaint further alleged that the price of Cliffs common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements and omissions, and declined when the truth was revealed.

15.    On October 21, 2014, Defendants moved to dismiss the Amended Complaint for failure to state a claim.  New Jersey opposed that motion on December 5, 2014, and Defendants filed a reply in support of their motion on January 7, 2015.

16.    On January 23, 2015, Defendants filed a motion to strike certain paragraphs from the Amended Complaint.  New Jersey opposed that motion on February 6, 2015, and Defendants filed a reply in support of their motion on February 13, 2015.

17.    On March 5, 2015, the Court denied as moot Defendants' motion to dismiss the Amended Complaint and motion to strike, and instructed New Jersey to file a second amended complaint.

18.    On March 31, 2015, New Jersey filed a Second Amended Complaint for Violations of the Federal Securities Laws (the "Second Amended Complaint" or "Complaint"), which again alleged, among other things, that Defendants defrauded investors and caused artificial inflation in the price of Cliffs common stock by misrepresenting that the acquisition and integration of Bloom Lake would sustain the significant increase in the Company's dividend.

19.    On April 1, 2015, the Court entered an Order scheduling a case management conference. That conference was held, with counsel for the parties and the parties or their representatives present, in Cleveland, Ohio on May 7, 2015.  During the May 7, 2015 conference, the parties discussed potential discovery issues and schedules.  The Court also inquired as to the parties' interest in settlement of the Action and, to that end, requested that they exchange information concerning the estimated damages to the putative class.  Subsequent to the May 7, 2015 conference, New Jersey and Defendants exchanged correspondence reflecting their views regarding the estimated damages to the class.

20.    On May 15, 2015, Defendants filed a motion to dismiss the Second Amended Complaint, as well as a motion to strike certain allegations from the Second Amended Complaint.  New Jersey opposed Defendants' motion to strike on June 1, 2015, Defendants filed a reply in further support of that motion on June 11, 2015, and with leave of court New Jersey filed a sur-reply in

further opposition to the motion to strike on June 22, 2015. New Jersey opposed Defendants' motion to dismiss on June 12, 2015.

21.  On June 22, 2015, the Court followed up on its May 7 inquiry by asking whether the parties had agreed to use a private mediator in an attempt to settle the Action. On June 25, 2015, the parties notified the Court that they agreed to use former United States District Judge Layn Phillips as a private mediator. After mediation briefing was exchanged by the parties and submissions were made to the mediator, Judge Phillips held a mediation on September 21, 2015, but the parties could not resolve the litigation.

22.  Defendants filed a reply in further support of their motion to dismiss the Second Amended Complaint on October 6, 2015, and New Jersey filed a sur-reply in further opposition to that motion on October 22, 2015.

23.  On November 6, 2015, the Court issued an Opinion and Order denying Defendants' pending motions to dismiss and to strike, and instructed the parties to meet and confer on a discovery schedule.

24.  New Jersey and Defendants served discovery requests on November 18, 2015, and the Court entered an order governing the discovery schedule on November 19, 2015. On December 22, 2015, the parties served objections and responses to the discovery requests. On January 8, 2016, Defendants produced certain documents responsive to New Jersey's requests, and New Jersey produced certain documents responsive to Defendants' discovery requests.

25.  On January 12, 2016, following continued arm's-length negotiations and discussions with Judge Phillips, and based on a mediator's recommendation by Judge Phillips, the Settling Parties reached an agreement in principle to settle the Action.

26.  On March 10, 2016, the Settling Parties entered into a Stipulation and Agreement of Settlement with Individual Defendants (the "Stipulation"), which sets forth the terms and conditions of the Settlement. The Stipulation can be viewed at www.CliffsSecuritiesLitigation.com.

27.  On March 11, 2016, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

28.  Defendants deny that they have violated the federal securities laws or any other laws. Defendants also have denied and continue to deny specifically each and all of the claims and contentions alleged in the Action.

| **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?** |
| --- |

29.  If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities who or which purchased Cliffs common stock from March 14, 2012 through March 26, 2013, inclusive (the "Settlement Class Period") and were damaged thereby.

Excluded from the Settlement Class are Defendants; members of the Immediate Family of each of the Individual Defendants; the Officers and/or directors of Cliffs during the Settlement Class Period; and any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class are any persons or entities that exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page [__] below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE MONEY FROM THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN AUGUST 8, 2016.**

| WHAT ARE THE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT? |
| --- |

30. New Jersey and Lead Counsel believe that the claims asserted in the Action have merit. New Jersey and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue the claims asserted in the Action through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. In particular, New Jersey recognizes that Defendants have significant arguments that their alleged misstatements were not materially misleading and that, even if they made materially misleading statements, they did not do so intentionally or recklessly. New Jersey also would face challenges with respect to establishing loss causation and class-wide damages. New Jersey recognizes that Defendants have substantial arguments that the decline in Cliffs' stock price during the Settlement Class Period was not caused by revelations concerning the problems alleged at the Bloom Lake mine or Cliffs' decision to cut its dividend, and that even if some portion of the decline in Cliffs' stock price was caused by these revelations, damages were minimal. Had any of these arguments been accepted in whole or part, they could have eliminated or, at a minimum, dramatically limited any potential recovery. Further, New Jersey would have had to prevail at several stages – class certification, motion for summary judgment and trial – and if it prevailed at those stages, the appeals that were likely to follow. Moreover, there were also very real risks to recovering a judgment substantially larger than the Settlement in light of Cliffs' financial condition and limited officers' and directors' insurance. Thus, there were significant risks attendant to the continued prosecution of the Action.

31. In light of these risks and the immediacy of the $84,000,000 cash recovery, New Jersey and Lead Counsel believe that the proposed Settlement is an excellent result, and is in the best interests of the Settlement Class.

32. The Settling Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. The Settling Defendants and Cliffs deny the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.

**WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?**

33.   If there were no Settlement and New Jersey failed to establish any essential legal or factual element of their claims against Defendants, neither New Jersey nor the other members of the Settlement Class would recover anything from Defendants.   Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.   Finally, if the Defendants' applicable insurance coverage were depleted and Cliffs' financial condition further deteriorated, it would have likely reduced or eliminated the possibility of an equivalent recovery, or any substantial recovery, for the Settlement Class regardless of the merits of the claims.

**HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
BY THE ACTION AND THE SETTLEMENT?**

34.   As a Settlement Class Member, you are represented by New Jersey and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel.  Class Members may enter an appearance through an attorney if they so desire, but such counsel must file and serve a notice of appearance as provided in ¶ 81 below and will be retained at the individual Class Member's expense.

35.   If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.   If the Settlement is approved, the Court will enter a judgment (the "Judgment").   The Judgment will dismiss with prejudice the Action and will provide that, upon the Effective Date of the Settlement, New Jersey and each of the other Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim (as defined in ¶ 36 below) against the Defendants and the other Defendants' Releasees (as defined in ¶ 37 below), and will forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

36.   "Released Plaintiff's Claims" means any and all claims, rights, causes of action and liabilities of every nature and description, whether known claims or Unknown Claims (as defined in ¶ 38 below), whether arising under any federal, state, foreign, statutory or common law, or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, matured or unmatured, liquidated or unliquidated, at law or in equity, whether class or individual in nature, that New Jersey or any other member of the Settlement Class: (a) asserted in the Complaint, or (b) could have asserted in the Action or in any other action or in any other forum and that arise out of, are based upon, are related to, or are in consequence of any of the allegations, transactions, facts, matters, occurrences, events, disclosures, statements, representations, or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of Cliffs common stock during the Settlement Class Period, or that otherwise would have been barred by *res judicata* had the Complaint been litigated to a final judgment.  Released Plaintiff's Claims do not include: (i) the claims asserted in *Rosenberg v. Cliffs Natural Resources Inc., et al.*, No. CV-14-828140 (Cuyahoga County Common Pleas, Ohio); (ii) the claims asserted under

the Employee Retirement Income Security Act of 1974 in *Saumer et al. v. Cliffs Natural Resources Inc., et al.*, No. 1:15-cv-00954-DAP (N.D. Ohio); (iii) any claims asserted in any pending derivative action; (iv) any claims relating to the enforcement of the Settlement; or (v) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court as valid.

37. "Defendants' Releasees" means the Defendants and their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, Immediate Family members, insurers and reinsurers, and attorneys, in their capacities as such.

38. "Unknown Claims" means any Released Plaintiff's Claims which New Jersey or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, New Jersey and the Defendants stipulate and agree that, upon the Effective Date of the Settlement, New Jersey and the Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

New Jersey and the Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

39. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 40 below) against New Jersey and the other Plaintiff's Releasees (as defined in ¶ 41 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.

40. "Released Defendants' Claims" means any and all claims, rights, causes of action and liabilities of every nature and description, whether known claims or Unknown Claims, whether arising under any federal, state, foreign, statutory or common law, or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, matured or unmatured, liquidated or unliquidated, at law or in equity, that arise out of, are based upon, are related to, or are in consequence of the institution, prosecution, or settlement of the claims against the Defendants,

except for claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion that is accepted by the Court as valid.

41. "Plaintiff's Releasees" means New Jersey and its attorneys, including Plaintiff's Counsel, and all other Settlement Class Members, and their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, Immediate Family members, insurers and reinsurers, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

42. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than August 8, 2016**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.CliffsSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at (866) 778-1167 or by emailing the Claims Administrator at info@CliffsSecuritiesLitgation.com. Please retain all records of your ownership of and transactions in Cliffs common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

43. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement. A Claimant's recovery will depend upon several factors, including when and at what prices he, she, or it purchased or sold the shares, and the total number of shares for which valid Claim Forms are submitted.

44. Pursuant to the Settlement, the Individual Defendants' insurance carriers have deposited $84 million into an escrow account controlled by Lead Counsel. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

45. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

46. Neither the Settling Defendants, the Settling Defendants' insurance carriers, nor any other person or entity that paid any portion of the Settlement Amount on behalf of the Settling Defendants is entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

47. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

48.   Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form **postmarked on or before August 8, 2016** shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.   This means that each Settlement Class Member releases the Released Plaintiff's Claims (as defined in ¶ 36 above) against the Defendants' Releasees (as defined in ¶ 37 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiff's Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

49.   Participants in and beneficiaries of a plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA Plan") should NOT include any information relating to their transactions in Cliffs common stock held through the ERISA Plan in any Claim Form that they may submit in this Action.   They should include ONLY those shares that they purchased outside of the ERISA Plan.   Claims based on any ERISA Plan's purchases of Cliffs common stock during the Settlement Class Period may be made by the plan's trustees.

50.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

51.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

52.   Only Settlement Class Members, *i.e.*, persons and entities who or which purchased Cliffs common stock during the Settlement Class Period and were damaged as a result of such purchases, will be eligible to share in the distribution of the Net Settlement Fund.   Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.   The only security that is included in the Settlement is Cliffs common stock.

## <u>PROPOSED PLAN OF ALLOCATION</u>

53.   The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.   The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.   Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.   The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

54.   In developing the Plan of Allocation, New Jersey's damages expert calculated the estimated amount of artificial inflation in the per share closing prices of Cliffs common stock that was allegedly proximately caused by Defendants' alleged false and misleading statements and material omissions.   In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, New Jersey's damages expert considered price changes in Cliffs common stock in reaction to certain public announcements allegedly

revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces. The estimated artificial inflation in Cliffs common stock is shown in Table A set forth at the end of this Notice.

55. In order to have recoverable damages, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of Cliffs common stock. In this case, New Jersey alleges that Defendants made false statements and omitted material facts during the period from March 14, 2012 through and including March 26, 2013, which had the effect of artificially inflating the prices of Cliffs common stock. New Jersey further alleges that corrective disclosures removed artificial inflation from the price of Cliffs common stock on April 26, 2012, July 26, 2012, October 25, 2012, November 19, 2012, November 20, 2012, February 13, 2013, and March 27, 2013.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

56. Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase of Cliffs common stock during the Settlement Class Period that is listed on the Proof of Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

57. For each share of Cliffs common stock purchased during the period from March 14, 2012 through and including the close of trading on March 26, 2013, and:

      (a) Sold prior to the close of trading on April 25, 2012, the Recognized Loss Amount will be $0.00.

      (b) Sold during the period from April 26, 2012 through and including the close of trading on March 26, 2013, the Recognized Loss Amount will be **the lesser of**: (i) the amount of artificial inflation per share stated in Table A on the date of purchase minus the amount of artificial inflation per share stated in Table A on the date of sale; or (ii) the purchase price minus the sale price.

      (c) Sold during the period from March 27, 2013 through and including the close of trading on June 24, 2013, the Recognized Loss Amount will be **the least of**: (i) the amount of artificial inflation per share stated in Table A on the date of purchase; (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between March 27, 2013 and the date of sale stated in Table B at the end of this Notice.

      (d) Held as of the close of trading on June 24, 2013, the Recognized Loss Amount will be **the lesser of**: (i) the amount of artificial inflation per share stated in Table A on the date of purchase; or (ii) the purchase price minus $19.34, the average closing price for Cliffs common stock between March 27, 2013 and June 24, 2013 (the last entry on Table B).[3]

---

[3] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of

## ADDITIONAL PROVISIONS

58.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 61 below) is $10.00 or greater.

59.    If a Settlement Class Member has more than one purchase or sale of Cliffs common stock, purchases and sales will be matched on a First In, First Out ("FIFO") basis.  Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Settlement Class Period.

60.    A Claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts.

61.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

62.    Purchases and sales of Cliffs common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Cliffs common stock during the Settlement Class Period will not be deemed a purchase or sale of Cliffs common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase of Cliffs common stock unless (i) the donor or decedent purchased the shares during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

63.    The date of covering a "short sale" is deemed to be the date of purchase of the Cliffs common stock.  The date of a "short sale" is deemed to be the date of sale of Cliffs common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in Cliffs common stock, his, her, or its earliest Settlement Class Period purchases of Cliffs common stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

64.    Option contracts are not securities eligible to participate in the Settlement.  With respect to shares of Cliffs common stock purchased or sold through the exercise of an option, the

---

damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Cliffs common stock during the 90-day look-back period.  The mean (average) closing price for Cliffs common stock during this 90-day look-back period was $19.34.

purchase/sale date of the Cliffs common stock is the exercise date of the option and the purchase/sale price of the Cliffs common stock is the exercise price of the option.

65.   If a Claimant had a market gain with respect to his, her, or its overall transactions in Cliffs common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Cliffs common stock during the Settlement Class Period but that market loss was less than the Claimant's total Recognized Claim calculated above, then the Claimant's Recognized Claim will be limited to the amount of the actual market loss.

66.   For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Cliffs common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and Holding Value.[6]  This difference will be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Cliffs common stock during the Settlement Class Period.

67.   After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

---

[4] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for Cliffs common stock purchased during the Settlement Class Period.

[5] The Claims Administrator will match any sales of Cliffs common stock during the Settlement Class Period first against the Claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of Cliffs common stock sold during the Settlement Class Period will be the "Total Sales Proceeds".

[6] The Claims Administrator will ascribe a value of $18.46 per share for Cliffs common stock purchased during the Settlement Class Period and still held as of the close of trading on March 26, 2013 (the "Holding Value").  The Holding Value is based on the closing price of Cliffs common stock on March 27, 2013, the day after the last day of the Settlement Class Period.

68. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against New Jersey, Plaintiff's Counsel, New Jersey's damages expert, the Settling Defendants, Cliffs, Defendants' Counsel, or any of the other Plaintiff's Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court. New Jersey, the Settling Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for: the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

69. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by New Jersey after consultation with its damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.CliffsSecuritiesLitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

70. Plaintiff's Counsel have not received any payment for their services in pursuing claims asserted in the Action on behalf of the Settlement Class, nor have Plaintiff's Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 16% of the Settlement Fund. At the same time, Lead Counsel also intend to apply for reimbursement of Litigation Expenses in an amount not to exceed $600,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by New Jersey directly related to its representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

71. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to Cliffs Securities Litigation, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173003, Milwaukee, WI 53217. The exclusion request must be *received* **no later than June 9, 2016**. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *The Department of the Treasury of the State of New Jersey and its Division of Investment v. Cliffs Natural Resources*

*Inc., et al.*, Case No. 1:14-cv-1031"; (c) state the number of shares of Cliffs common stock that the person or entity requesting exclusion (x) owned as of the close of trading on March 13, 2012, and (y) purchased and/or sold during the Settlement Class Period (*i.e.*, from March 14, 2012 through March 26, 2013, inclusive), as well as the number of shares, dates and prices for each such purchase and/or sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court. Co-Lead Counsel may, at their discretion, request from any person or entity requesting exclusion documentation sufficient to prove his, her or its purchases and/or sales of Cliffs common stock during the Settlement Class Period.

72. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Defendants' Releasees.

73. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund.

74. The Settling Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by New Jersey and the Settling Defendants.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

75. The Settlement Hearing will be held on June 30, 2016 at 12:00 p.m., before the Honorable Dan Aaron Polster at the United States District Court for the Northern District of Ohio, Carl B. Stokes United States Court House, Courtroom 18B, 801 West Superior Avenue, Cleveland, Ohio 44113-1837. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

76. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. Participation in the Settlement is not conditioned on attendance at the Settlement Hearing**.

77. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of Ohio at the address set forth below **on or before June 9, 2016**. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before June 9, 2016**.

|                            **Clerk's Office**             |              **Lead Counsel**                  |           **Defendants' Counsel**          |
| --------------------------------------------------------- | ---------------------------------------------- | ------------------------------------------ |
| United States District Court                              | **Bernstein Litowitz Berger &**                | **Jones Day**                              |
| Northern District of Ohio                                 | **Grossmann LLP**                              | John M. Newman, Jr., Esq.                  |
| Clerk of the Court                                        | James A. Harrod, Esq.                          | 901 Lakeside Avenue                        |
| Carl B. Stokes United States                              | 1251 Avenue of the Americas,                   | Cleveland, Ohio 44114-1190                 |
|   Court House                                   |   44th Floor                         |                                            |
| 801 West Superior Avenue                                  | New York, New York  10020                      |                                            |
| Cleveland, Ohio 44113-1837                                | and                                            |                                            |
|                                                           | **Lowenstein Sandler LLP**                     |                                            |
|                                                           | Michael T.G. Long, Esq.                        |                                            |
|                                                           | 65 Livingston Avenue                           |                                            |
|                                                           | Roseland, New Jersey 07068                     |                                            |

78.   Any objection: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Cliffs common stock that the objecting Settlement Class Member purchased and/or sold during the Settlement Class Period (*i.e.*, from March 14, 2012 through March 26, 2013, inclusive), as well as the dates and prices of each such purchase and sale.  Documents sufficient to prove membership in the Settlement Class include brokerage statements, confirmation slips, or authorized statements from a broker containing the transaction and holding information found in a confirmation slip or account statement.  You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

79.   You may file a written objection without appearing at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

80.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is ***received*** **on or before June 9, 2016**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

81.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at

your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 77 above so that the notice is *received* **on or before June 9, 2016**.

82.  The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

83.  **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
| --- |

84.  If you purchased Cliffs common stock from March 14, 2012 through March 26, 2013, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to Cliffs Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173003, Milwaukee, WI  53217.  If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.CliffsSecuritiesLitigation.com, by calling the Claims Administrator toll-free at (866) 778-1167, or by emailing the Claims Administrator at info@CliffsSecuritiesLitigation.com.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
| --- |

85.  This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Northern District of Ohio, Carl B. Stokes United States Court House, 801 West Superior Avenue, Cleveland, Ohio 44113-1837. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.CliffsSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

Cliffs Securities Litigation     and/or     James A. Harrod, Esq.
c/o A.B. Data, Ltd.     BERNSTEIN LITOWITZ BERGER
P.O. Box 173003     & GROSSMANN LLP
Milwaukee, WI 53217     1251 Avenue of the Americas, 44th Floor
(866) 778-1167     New York, NY 10020
info@CliffsSecuritiesLitigation.com     (800) 380-8496
www.CliffsSecuritiesLitigation.com     blbg@blbglaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2016

By Order of the Court
United States District Court
Northern District of Ohio

# 962489

**TABLE A**

**Estimated Artificial Inflation from March 14, 2012
through and including March 26, 2013**

| Transaction Date | Inflation Per Share |
|---|---|
| March 14, 2012 – April 25, 2012 | $29.33 |
| April 26, 2012 – July 25, 2012 | $25.01 |
| July 26, 2012 – October 24, 2012 | $21.15 |
| October 25, 2012 – November 18, 2012 | $16.25 |
| November 19, 2012 | $14.66 |
| November 20, 2012 – February 12, 2013 | $10.60 |
| February 13, 2013 – March 26, 2013 | $3.33 |

**Cliffs Closing Price and Average Closing Price**
**March 27, 2013 – June 24, 2013**

| Date | Closing Price | Average Closing Price Between March 27, 2013 and Date Shown | Date | Closing Price | Average Closing Price Between March 27, 2013 and Date Shown |
|------|------|------|------|------|------|
| 3/27/2013 | $18.46 | $18.46 | 5/10/2013 | $23.53 | $19.52 |
| 3/28/2013 | $19.01 | $18.74 | 5/13/2013 | $22.90 | $19.62 |
| 4/1/2013 | $18.95 | $18.81 | 5/14/2013 | $22.29 | $19.70 |
| 4/2/2013 | $18.18 | $18.65 | 5/15/2013 | $21.00 | $19.74 |
| 4/3/2013 | $18.73 | $18.67 | 5/16/2013 | $20.42 | $19.76 |
| 4/4/2013 | $18.75 | $18.68 | 5/17/2013 | $20.69 | $19.78 |
| 4/5/2013 | $18.45 | $18.65 | 5/20/2013 | $21.17 | $19.82 |
| 4/8/2013 | $18.79 | $18.67 | 5/21/2013 | $21.25 | $19.85 |
| 4/9/2013 | $20.45 | $18.86 | 5/22/2013 | $21.40 | $19.89 |
| 4/10/2013 | $20.35 | $19.01 | 5/23/2013 | $20.62 | $19.91 |
| 4/11/2013 | $19.92 | $19.09 | 5/24/2013 | $20.37 | $19.92 |
| 4/12/2013 | $19.20 | $19.10 | 5/28/2013 | $20.08 | $19.93 |
| 4/15/2013 | $17.61 | $18.99 | 5/29/2013 | $18.92 | $19.90 |
| 4/16/2013 | $17.50 | $18.88 | 5/30/2013 | $18.73 | $19.88 |
| 4/17/2013 | $17.50 | $18.79 | 5/31/2013 | $18.04 | $19.84 |
| 4/18/2013 | $17.53 | $18.71 | 6/3/2013 | $18.09 | $19.80 |
| 4/19/2013 | $17.63 | $18.65 | 6/4/2013 | $19.19 | $19.79 |
| 4/22/2013 | $17.65 | $18.59 | 6/5/2013 | $18.23 | $19.76 |
| 4/23/2013 | $17.32 | $18.53 | 6/6/2013 | $18.55 | $19.73 |
| 4/24/2013 | $18.22 | $18.51 | 6/7/2013 | $17.94 | $19.70 |
| 4/25/2013 | $20.95 | $18.63 | 6/10/2013 | $17.83 | $19.66 |
| 4/26/2013 | $20.17 | $18.70 | 6/11/2013 | $17.50 | $19.62 |
| 4/29/2013 | $20.87 | $18.79 | 6/12/2013 | $17.37 | $19.58 |
| 4/30/2013 | $21.34 | $18.90 | 6/13/2013 | $18.70 | $19.56 |
| 5/1/2013 | $20.33 | $18.95 | 6/14/2013 | $17.74 | $19.53 |
| 5/2/2013 | $19.17 | $18.96 | 6/17/2013 | $17.69 | $19.50 |
| 5/3/2013 | $19.91 | $19.00 | 6/18/2013 | $18.59 | $19.48 |
| 5/6/2013 | $21.01 | $19.07 | 6/19/2013 | $18.45 | $19.46 |
| 5/7/2013 | $21.33 | $19.15 | 6/20/2013 | $17.55 | $19.43 |
| 5/8/2013 | $23.15 | $19.28 | 6/21/2013 | $17.19 | $19.40 |
| 5/9/2013 | $22.66 | $19.39 | 6/24/2013 | $15.88 | $19.34 |

# EXHIBIT 2

Exhibit 2

**Cliffs Securities Litigation**
**c/o A.B. Data, Ltd.**
**P.O. Box 173003**
**Milwaukee, WI 53217**
**Toll-Free Number: (866) 778-1167**
**Email: info@CliffsSecuritiesLitigation.com**
**Settlement Website: www.CliffsSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, **postmarked no later than August 8, 2016**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | __ |
| **PART II – GENERAL INSTRUCTIONS** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN CLIFFS COMMON STOCK** | __ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | __ |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Claimant Names(s) (as the name(s) should appear on check, if eligible for payment; if the shares are jointly owned, the names of all beneficial owners must be provided):

Name of Person the Claims Administrator Should Contact Regarding this Claim Form (Must Be Provided):

Mailing Address – Line 1: Street Address/P.O. Box:

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number:

City:

State/Province:        Zip Code:                    Country:

Last 4 digits of Claimant Social Security/Taxpayer Identification Number:[1]

Daytime Telephone Number:                        Evening Telephone Number:

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

---

[1] The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and the telephone number of the beneficial owner(s) may be used in verifying this claim.

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Certification of Settlement Class; (II) Proposed Settlement with Individual Defendants; (III) Settlement Hearing; and (IV) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see the definition of the Settlement Class on page __ of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.**  THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Cliffs common stock.  On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Cliffs common stock, whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      Please note:  Only Cliffs common stock purchased during the Settlement Class Period (*i.e.*, from March 14, 2012 through March 26, 2013, inclusive) is eligible under the Settlement.  However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of Cliffs common stock during the period from March 27, 2013 through June 24, 2013, inclusive, will be used for purposes of calculating your claim under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during the 90-day look-back period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Cliffs common stock set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a

broker confirmation slip or account statement. The Settling Parties, Cliffs, and the Claims Administrator do not independently have information about your investments in Cliffs common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

7.      Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

8.      All joint beneficial owners must each sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form. If you purchased Cliffs common stock during the Settlement Class Period and held the shares in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased Cliffs common stock during the relevant time period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

9.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Cliffs common stock; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own(ed) the Cliffs common stock you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

11.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the

Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13. **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@CliffsSecuritiesLitigation.com, or by toll-free phone at (866) 778-1167, or you can visit the Settlement website, www.CliffsSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

15. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.CliffsSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@CliffsSecuritiesLitigation.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. **Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@CliffsSecuritiesLitigation.com to inquire about your file and confirm it was received and acceptable.**

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (866) 778-1167.**

# PART III – SCHEDULE OF TRANSACTIONS IN CLIFFS COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6, above. Do not include information regarding securities other than Cliffs common stock.

| | |
|---|---|
| **1. HOLDINGS AS OF MARCH 14, 2012** – State the total number of shares of Cliffs common stock held as of the opening of trading on March 14, 2012. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |

**2. PURCHASES/ACQUISITIONS FROM MARCH 14, 2012 THROUGH MARCH 26, 2013** – Separately list each and every purchase/acquisition (including free receipts) of Cliffs common stock from after the opening of trading on March 14, 2012 through and including the close of trading on March 26, 2013. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |

**3. PURCHASES/ACQUISITIONS FROM MARCH 27, 2013 THROUGH JUNE 24, 2013** – State the total number of shares of Cliffs common stock purchased/acquired (including free receipts) from after the opening of trading on March 27, 2013 through and including the close of trading on June 24, 2013. If none, write "zero" or "0."[2] _____

| | |
|---|---|
| **4. SALES FROM MARCH 14, 2012 THROUGH JUNE 24, 2013** – Separately list each and every sale/disposition (including free deliveries) of Cliffs common stock from after the opening of trading on March 14, 2012 through and including the close of trading on June 24, 2013. (Must be documented.) | **IF NONE, CHECK HERE** ○ |

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |

---

[2] **Please note**: Information requested with respect to your purchases/acquisitions of Cliffs common stock from after the opening of trading on March 27, 2013 through and including the close of trading on June 24, 2013 is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

| 5.  **HOLDINGS AS OF JUNE 24, 2013** – State the total number of shares of Cliffs common stock held as of the close of trading on June 24, 2013.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
| --- | --- |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

# PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim (including, without limitation, any Unknown Claims) against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

      1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

      2.      that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

      3.      that the claimant has **not** submitted a request for exclusion from the Settlement Class;

      4.      that I (we) own(ed) the Cliffs common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

      5.      that the claimant(s) has (have) not submitted any other claim covering the same purchases of Cliffs common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

      6.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

      7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

      8.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

      9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                                          Date


_____
Print your name here


_____
Signature of joint claimant, if any                                                                       Date


_____
Print your name here


*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*


_____
Signature of person signing on behalf of claimant                                           Date


_____
Print your name here


_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see paragraph 9 on page __ of this Claim Form.)

## REMINDER CHECKLIST:

1.  Please sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2.  Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3.  Please do not highlight any portion of the Claim Form or any supporting documents.

4.  Keep copies of the completed Claim Form and documentation for your own records.

5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (866) 778-1167.**

6.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

7.  If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@CliffsSecuritiesLitigation.com, or by toll-free phone at (866) 778-1167, or you may visit www.CliffsSecuritiesLitigation.com. Please DO NOT call Cliffs or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN AUGUST 8, 2016**, ADDRESSED AS FOLLOWS:

Cliffs Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173003
Milwaukee, WI 53217
(866) 778-1167
www.CliffsSecuritiesLitigation.com

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before August 8, 2016 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

#954609

# EXHIBIT 3

Exhibit 3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY AND ITS DIVISION OF INVESTMENT, on behalf of itself and all others similarly situated, | Case No. 1:14-cv-1031 |
| | Judge Dan Aaron Polster |
| Plaintiff, | Magistrate Judge Greg White |
| v. | |
| CLIFFS NATURAL RESOURCES INC., JOSEPH CARRABBA, LAURIE BRLAS, TERRY PARADIE, and DAVID B. BLAKE, | |
| Defendants. | |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND CERTIFICATION OF SETTLEMENT CLASS; (II) PROPOSED SETTLEMENT WITH INDIVIDUAL DEFENDANTS; (III) SETTLEMENT HEARING; AND (IV) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons and entities who or which purchased Cliffs Natural Resources Inc. ("Cliffs") common stock from March 14, 2012 through March 26, 2013, inclusive (the "Settlement Class Period") and were damaged thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Ohio, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Certification of Settlement Class; (II) Proposed Settlement with Individual Defendants; (III) Settlement Hearing; and (IV) Motion for an Award of Attorneys' Fees and Reimbursement of Expenses Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that the Lead Plaintiff in the Action, The Department of the Treasury of the State of New Jersey and its Division of Investment, on behalf of itself and the other members of the Settlement Class, has reached a proposed settlement of the Action with

defendants Terrance Paradie, Joseph Carrabba, Laurie Brlas, and David Blake (the "Settling Defendants") for $84,000,000 in cash (the "Settlement"). If the Settlement is approved by the Court, it will resolve all claims in the Action.

A hearing will be held on June 30, 2016 at 12:00 p.m., before the Honorable Dan Aaron Polster at the United States District Court for the Northern District of Ohio, Carl B. Stokes United States Court House, Courtroom 18B, 801 West Superior Avenue, Cleveland, Ohio 44113-1837, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against the Settling Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement with Individual Defendants dated March 10, 2016 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at Cliffs Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173003, Milwaukee, WI 53217, by toll-free phone at (866) 778-1167, or by email at info@CliffsSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.CliffsSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than August 8, 2016. If you are a member of the Settlement Class and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than June 9, 2016, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, must be filed with the Court and delivered to Lead Counsel and counsel for the Settling Defendants such that they are *received* no later than June 9, 2016, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Cliffs, or Defendants' Counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

Cliffs Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173003
Milwaukee, WI 53217
(866) 778-1167
info@CliffsSecuritiesLitigation.com
www.CliffsSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

| BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP | | LOWENSTEIN SANDLER LLP |
|---|---|---|
| James A. Harrod, Esq. | or | Michael T.G. Long, Esq. |
| 1251 Avenue of the Americas, 44th Floor | | 65 Livingston Avenue |
| New York, NY 10020 | | Roseland, NJ 07068 |
| (800) 380-8496 | | (973) 597-250 |

Dated: _____, 2016

By Order of the Court