UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

FILED
2016 JUN -8 PH 12: 15
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY AND ITS DIVISION OF INVESTMENT, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFS NATURAL RESOURCES INC., JOSEPH CARRABBA, LAURIE BRLAS, TERRY PARADIE, and DAVID B. BLAKE,<br><br>Defendants. | Civ. A. No. 14-CV-1031-DAP<br>Hon. Dan Aaron Polster, |

## OBJECTION OF JEFF M. BROWN TO PROPOSED SETTLEMENT

NOW COMES, Pro Se Objector JEFF M. BROWN and hereby files these objections to the proposed settlement in this matter.

### PROOF OF MEMBERSHIP IN THE CLASS

Jeff M. Brown ("Objector") has received and reviewed that certain notice of class action and proposed settlement which is undated (the "Notice"). As a result, he believes that he is a member of the class, as it is defined in the Notice. To that end, he has attached a copy of his Morgan Stanley "List of Transaction and Positions" hereto and marked it as Exhibit "A". He intends to file a claim in this matter on or before August 8, 2016 (claim deadline according to the

1

Notice). His address, e-mail address and telephone number are listed at the conclusion of this objection.

## NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that he does NOT intend to appear at the Fairness Hearing presently scheduled for June 30, 2016 at 12:00 a.m. EDT before Honorable Carl B. Stokes, at the United States District Court for the Northern District of Ohio Courthouse, Room 18B, 801 West Superior Avenue, Cleveland, Ohio 44113-1837.

## REASONS FOR OBJECTING TO THE SETTLEMENT

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable nor adequate:

1. Claims administration process fails to require reliable future oversight, accountability and reporting about whether the claims process actually delivers what was promised. The proposed settlement orders no counsel, not various class counsel nor any defense attorney (notwithstanding the large amount of attorney fees to be earned by the numerous law firms involved in this case) to monitor the settlement process to its ultimate completion.

   It would obviously be more prudent to withhold a portion of Class Counsel's fee until the entire distribution process is complete. Furthermore, it would also be judicious to require Class Counsel (and perhaps Defense Counsel as well) to report back to this Honorable Court with a final summary and accounting of the disbursement process (even if brief) in order to confirm that this matter has been successfully concluded and to allow this Honorable Court to "put its final stamp of approval" on the case.

   Objector is aware that this is not the "usual" procedure in Class Action proceedings. Nonetheless, Objector submits the suggested process is an improvement to the present procedure which is the status quo in Class Action cases. Also nothing in the

2

above proposed procedure violates the letter or spirit of the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d), 1453, and 1711–1715,(the "Act") Rule 23 F.R.C.P.(the "Rule") nor the body of case law developed (all three collectively referred to herein as "Class Action Policy"). Objector hereby urges this Honorable Court to adopt such a procedure as a "best practice standard"for Class Action settlements.

2. No timeframe for completing administration of the monetary relief is set, therefore the Settlement Administrator is not held to any specific timeframe to complete the settlement process.

3. No amount of Attorney's Fees are to be withheld to assure Class Counsel's continuing oversight and involvement in implementing the settlement. Objector hereby contends that the withholding of a reasonable sum of awarded attorneys fees would elevate the concerns raised herein regarding Paragraphs Nos. 1 & 2 above.

4. Attorney Fees do not depend upon how much relief is actually paid to the Class Members. It appears that the proposed settlement will award Class Counsel its fee of $13.44 million dollars notwithstanding the amount of relief which is actually paid to the Class Members. This practice would be considered inequitable at best and excessive at worse in many other area of the law when awarding attorney fees.

5. The Attorney's Fee calculation is unfair in that the percentage of the settlement amount is far too high. After a review of the Docket there appears to be only 104 docket entries. In addition, very few entries were substantive in nature. In fact, only the Plaintiff's Complaint(s), Defendant's Answer , 2 Motions to Dismiss and 2 Motions to Strike (both Motions were similar in nature) were filed before the parties reached a settlement. These substantive filings along with Plaintiff's Motion to Approve Preliminary Settlement and Award Attorney's Fees were he only Docket Entries had any significant legal basis to its content. The remaining Docket Entries were procedural in nature. Regarding the remaining Docket Entries, many were in the form of a Notice (usually a 1 or 2 page document); a few were in reference to letters filed with Court (usually a brief correspondence with some reference to a procedural "housekeeping" matter); approximately 44 Entries were in regard to a *pro hoc vice* or other attorney appearance matters; approximately 41 entries were documents

3

generated by the Court in the form of an order, minute entry or a filing of a transcript and, finally a few others were merely Court or the Clerks procedural items.

There was no Motion for Summary Judgment. There was no prolonged discovery matters and no discovery disputes. There was very little motion practice. There was no trial nor any post trial practice. This is hardly the record of a case justifying Class Counsel's requested Attorneys' Fees in the amount of $13,440,000.00.

It is also notable that the Settlement was reached in principal in less than two years following the commencement of this action. Furthermore, Class Counsel's Memorandum of Law in Support of the Motion for Attorney's Fees appears to be a catalogue of cases whereby other lawyers were successful in obtaining excessive fee awards and not a compelling recitation of why the fees and costs are appropriate in this specific case.

6. No fee request is reasonable in the absence of documentation, including detailed billing records (including hourly rates of the professionals, actual time entries, hours accumulated and reasonable costs incurred), which can be evaluated by Class Members and the Court to determine the reasonable nature (or not) of the request.

7. Some *cy pres* procedure needs to be articulated so that Class Members and the Court can intelligently comment, object or approve the appropriateness of the *cy pres* procedure, recipient and amount of the *cy pres* distribution. The *cy pres* distribution and recipient should have a direct and substantial nexus to the interests of absent class members and thus properly provide for the 'next best distribution' to the class. Whatever method is used to arrive at determining an appropriate *cy pres* procedure and recipient can be a legitimate discussion between informed parties and therefore appropriate. Allowing the process to be determined solely by Lead Class Counsel and Court overview is neither appropriate nor consistent with Class Action Policy.

8. Attorneys' fees are disproportionate to the value of the Recovery of the Class (See Paragraphs 3, 4. 5 and 6 above).

9. There are no receipts supporting the requests for $600,000.00 in litigation costs and expenses that Class Counsel intends to request to be paid or reimbursed from the Settlement Fund. Not only

4

should the costs and expenses be estimated as closely as possible but that estimate should be itemized in as much detail as possible. Finally, a final accounting should submitted to the Court for final approval. Furthermore, it is unclear from the Notice who is paying for the cost of the settlement administration- the Defendant or the Settlement Fund.

10. The Objector does not agree that named Class Member, the State of New Jersey should be allowed to be reimbursed for an undetermined amount of costs and expenses. This undocumented request is not only imprudent but it further provides selective treatment of Class Members and as a result creates an inherent conflict between the subclass members. Accordingly this request should be denied.

11. The Objector hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

## CONCLUSION

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;

2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.

3. Award an incentive fee to this Objector for his role in improving the Settlement, if applicable.

Respectfully submitted,

Jeff M. Brown, Pro Se
750 South Dixie Highway
Boca Raton, FL 33432
561-395-0000
jbrown@lavallebrown.com

5

## CERTIFICATE OF SERVICE

    I hereby certify that on June 7, 2016, I caused to be filed the foregoing with the Clerk of the Court of the United States District Court for Northern District of Ohio and to all counsel required to be copied by sending this document via U.S. First Class Mail (Two Day Delivery) so that this document would be received within the timeframe described in the Legal Notice published in this case. In addition, when the Clerk files this document in the docket for this case all parties in this case who use the CM/ECF filing system will be noticed.

Jeff M. Brown