UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
2016 JUN 30 PM 12: 12
[clerk stamp]
CLEVELAND

| | |
|---|---|
| THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY AND ITS DIVISION OF INVESTMENT, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLIFFS NATURAL RESOURCES INC., JOSEPH CARRABBA, LAURIE BRLAS, TERRY PARADIE, and DAVID B. BLAKE,<br><br>Defendants. | Case No. 1:14-cv-1031<br><br>Judge Dan Aaron Polster<br><br>Magistrate Judge Greg White |

## ORDER AND FINAL JUDGMENT

WHEREAS, a securities class action is pending in this Court entitled *The Department of the Treasury of the State of New Jersey and its Division of Investment v. Cliffs Natural Resources Inc., et al.*, Case No. 1:14-cv-1031 (the "Action");

WHEREAS, (a) Lead Plaintiff, The Department of the Treasury of the State of New Jersey and its Division of Investment ("New Jersey"), on behalf of itself and the other members of the Settlement Class (defined below), and (b) defendants Terrance Paradie, Joseph Carrabba, Laurie Brlas, and David Blake (collectively, the "Individual Defendants" or the "Settling Defendants," and together with New Jersey, the "Settling Parties") have entered into a Stipulation and Agreement of Settlement with Individual Defendants dated March 10, 2016 (the "Stipulation") (ECF No. 96-1), that provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, Defendant Cliffs Natural Resources Inc. ("Cliffs" or the "Company") executed the Stipulation and is a participant in the Settlement only for the limited purposes of: (a) exchanging Releases with New Jersey and the Settlement Class; (b) making certain representations concerning the events and conduct of the parties and their counsel in connection with and related to the Action; (c) providing shareholder records to New Jersey; and (d) providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.*;

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated March 11, 2016 (the "Preliminary Approval Order") (ECF No. 98), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on June 30, 2016 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments

received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over New Jersey, the Defendants, and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on March 10, 2016; and (b) the Notice and the Summary Notice, both of which were filed with the Court on May 26, 2016.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for Settlement purposes only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a Settlement Class consisting of all persons and entities who or which purchased Cliffs common stock from March 14, 2012 through March 26, 2013, inclusive (the "Settlement Class Period") and were damaged thereby. Excluded from the Settlement Class are Defendants; members of the Immediate Family of each of the Individual Defendants; the Officers and/or directors of Cliffs during the Settlement Class Period; and any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto that are excluded from the Settlement Class pursuant to request.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for Settlement purposes only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying New Jersey as the Class Representative for the Settlement

Class and appointing Lead Counsel as Class Counsel for the Settlement Class. New Jersey and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.*, as amended, and all other applicable law and rules.

6. Defendants have filed a Declaration Regarding Compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Defendants timely mailed notice of the Stipulation pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America, and the Attorneys General of all states in which members of the Settlement Class reside. The notice contains the documents and information required by 28

4

U.S.C. § 1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

7. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. One objection to the Settlement has been received, which the Court has considered and found to be without merit. The Settling Parties and Cliffs are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8. All of the claims asserted in the Action by New Jersey and the other Settlement Class Members are hereby dismissed with prejudice. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on the Settling Defendants, Cliffs, New Jersey and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

10. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are

expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, New Jersey and each of the other Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees. This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(s) of the Stipulation).

(b) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against New Jersey and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees. This Release shall not apply to any claims against any person or entity listed on Exhibit 1 hereto.

11. Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Settling Parties or Cliffs to enforce or effectuate the terms of the Stipulation or this Judgment.

12. **Rule 11 Findings** – The Court finds and concludes that New Jersey and the Defendants and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with institution, prosecution, defense and/or settlement of this Action.

13. **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by New Jersey or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or this Judgment;

(b) shall be offered against any of the Plaintiff's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or this Judgment;

(c) shall be offered or construed as evidence that a class should or should not be certified in the Action if the Settlement is not consummated; or

(d) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount that could be or would have been recovered after trial;

*provided, however*, that the Settling Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) New Jersey, the Settling Defendants, and Cliffs (to the extent necessary as set forth herein) for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund;

(d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16. **Modification of the Agreement of Settlement** – Without further approval from the Court, the parties to the Stipulation are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, the parties to the Stipulation may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of New Jersey, the other Settlement Class Members, the Settling Defendants and Cliffs, and the Settling Parties and Cliffs shall revert to their respective litigation positions in the Action as of immediately prior to the execution of the Term Sheet on January 22, 2016, as provided in the Stipulation.

18. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _30_ day of _June_, 2016.

_____
The Honorable Dan Aaron Polster
United States District Judge

**Exhibit 1**

1. Richard Dallas Clayton & Emily M. Clayton TTEES U/A DTD 05/06/2005
   Bosque Farms, NM

2. Rachel Crowe
   Skull Valley, AZ

3. Joseph A. Hagen and Adele R. Hagen, Trustees of the Joseph & Adele Hagen 2012 Trust Dated 12/19/2012
   Lancaster, CA

4. Joan H. Long
   Coatesville, PA

5. Alexander R. MacKenzie
   Lauderhill, FL

6. Gordon Mann
   Meredith, NH

7. Karen H. Mertens
   Perry, GA

8. Gerald M. Modjeski
   Winona, MN

9. Glenn M. Riffle
   Jacksonville, FL

10. Michael David Sallon and Diana Mary Sallon
    Holt, Norfolk, United Kingdom

11. Schmidt Family Bypass Trust UAD 08/26/08, Glenda S. Schmidt TTEE
    Kirkland, WA

12. Patricia A. Semplak
    Garrettsville, OH

13. Steven J. Snider
    Newton, MA

14. Stephen P. Yaw and Janice L. Yaw
    Wildwood, FL