

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY AND ITS DIVISION OF INVESTMENT, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLIFFS NATURAL RESOURCES INC., JOSEPH CARRABBA, LAURIE BRLAS, TERRY PARADIE, and DAVID B. BLAKE,<br><br>Defendants. | Case No. 1:14-cv-1031<br><br>Judge Dan Aaron Polster<br><br>Magistrate Judge Thomas M. Parker |

**ORDER AWARDING ATTORNEYS' FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES**

This matter came on for hearing on June 30, 2016 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the Settlement Hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement with Individual Defendants dated March 10, 2016 (the "Stipulation") (ECF No. 96-1) and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses was given to all Settlement Class Members who or which could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.*, as amended, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Settlement Fund is a "common fund," and courts have long recognized that a lawyer who recovers such a fund is entitled to a reasonable attorney fee from that fund as a whole. *See Boeing v. Van Gemert,* 444 U.S. 472, 478, (1980); *Blum v. Stenson,* 465 U.S. 886, 900 n. 16, (1984). In determining a fee award, the Court has the discretion to utilize either the percentage-of-the-fund or lodestar methods. *See Bowling v. Pfizer, Inc.,* 102 F.3d 777, 780 (6th Cir. 1996); *Rawlings v. Prudential-Bache Properties, Inc.,* 9 F.3d 513, 516 (6th Cir. 1993).

5. Given the circumstances of this case, the Court will base "its fee award on a percentage of the common fund and then cross-check[] the fee against class counsel's lodestar." *Bowling,* 102 F.3d at 780. The percentage-of-the-fund method "more accurately reflects the result

2

achieved;" . . . "has the virtue of reducing the incentive for Plaintiff's attorneys to over-litigate or 'churn' cases" (*In re Skelaxin (Metaxalone) Antitrust Litig.*, MDL No. 2343, 2014 WL 2946459, *1 (E.D. Tenn. Jun. 30, 2014) (citations omitted)), and "'provides a powerful incentive for the efficient prosecution and early resolution of litigation.'" *In re Se. Milk Antitrust Litig.*, No. 2:07-CV 208, 2013 WL 2155387, at *2 (E.D. Tenn. May 17, 2013) (quoting *Wal–Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005)).

6. The Court find this approach appropriate given that a substantial common fund has been established for the benefit of Settlement Class Members through the efforts of Plaintiff's Counsel, and the fact that that application of the percentage-of-the-fund method, when employed in connection with a lodestar cross-check, accounts for both the amount of work done and reflects the results achieved by class counsel. *See In re Se. Milk*, 2013 WL 2155387, at *2; *Gascho v. Glob. Fitness Holdings, LLC*, No. 14-3761, 2016 WL 2802473, at *7 (6th Cir. May 13, 2016).

7. Application of the percentage-of-the-fund method to this securities class action is also consistent with the PSLRA, which provides that "[t]otal attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount" recovered for the class. 15 U.S.C. § 78u-1(a)(6); *see also Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 643 (5th Cir. 2012). Finally, application of the percentage-of-the-fund method is consistent with the *ex ante* fee agreement entered into between Lead Counsel and Lead Plaintiff, The Department of the Treasury of the State of New Jersey and its Division of Investment ("New Jersey"). *See In re Cendant Corp. Litig.*, 264 F.3d 201, 282 (3d Cir. 2001).

8. Plaintiff's Counsel are hereby awarded attorneys' fees in the amount of __16__ % of the Settlement Fund and $__214,625.15__ in reimbursement of Plaintiff's Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court

3

finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiff's Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.

9. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered, among other things, its experience overseeing this case since its inception; Lead Counsel's memorandum of law in support of an award of attorneys' fees and litigation expenses; Lead Counsel's reply memorandum of law in support of an award of attorneys' fees and litigation expenses; the declarations submitted by each firm constituting Plaintiff's Counsel; the Joint Declaration of James A. Harrod and Michael B. Himmel in Support of (A) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation, and (B) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Joint Declaration"); the Declaration of Hon. Layn Phillips (Ret.) who acted as a mediator and recommended the Settlement; and the oral argument of counsel, and found that:

(a) The Settlement has created a common fund of $84,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who or which submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

(b) The fee sought by Lead Counsel has been reviewed and approved as reasonable by New Jersey, an institutional investor that oversaw the prosecution and resolution of the Action;

4

(c) Copies of the Notice were mailed to over 266,700 potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not exceed 16% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $600,000;

(d) Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e) The Action raised a number of complex issues;

(f) Had Lead Counsel not achieved the Settlement there would remain a significant risk that New Jersey and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(g) Plaintiff's Counsel devoted over 11,200 hours, with a lodestar value of approximately $6,006,000, to achieve the Settlement, which I find reasonable based on my oversight of the case and the work described in the Joint Declaration;

(h) The requested fee of 16%, or $13,440,000, represents a multiplier on Plaintiff's Counsel's lodestar of 2.24, which is within the range of reasonableness given the facts and circumstances of this case;

(i) The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases; and

(j) There was one objection to the requested attorneys' fees and expenses filed by Jeff M. Brown. The Court has considered the objection filed by Mr. Brown and found it to be without merit, and it is hereby denied.

10. New Jersey is hereby awarded $50,697.45 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

11. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

12. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

13. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

14. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 30 day of June, 2016.

_____
The Honorable Dan Aaron Polster
United States District Judge