FILED

2016 NOV 14 AM 11: 43

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**OHIO EASTERN DISTRICT**

| | |
|---|---|
| THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY AND ITS DIVISION OF INVESTMENT, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLIFFS NATURAL RESOURCES INC., JOSEPH CARRABBA, LAURIE BRLAS, TERRY PARADIE, and DAVID B. BLAKE,<br><br>Defendants. | Case No.14-cv-1031 |

**OPPOSITION TO CLASS COUNSEL'S MOTION**
**FOR ORDER REQUIRING POSTING OF APPEAL BOND**

## BACKGROUND

Plaintiffs' moved for an appeal bond totaling $45,000.00 consisting of $5,000.00 in direct appeal costs and $40,000.00 in administrative costs against the one appellants in this case. But as many appellate courts have found, "administrative costs" are not recoverable costs on appeal in the absence of statutory authority, and thus cannot be included in a Rule 7 appeal bond. Brown opposes the appeal bond here for two reasons.

First, Plaintiffs' claim of $ 5,000.00 in direct appeal costs is exaggerated. Appeal costs "rarely exceed more than a few hundred dollars when taxed against an appellant." *In re MagSafe Apple Power Adapter Litig.*, 571 Fed. Appx. 560, 563 (9th Cir. Apr. 24, 2014) (unpublished) (vacating bond of $15,000)

Next, Brown opposes the entry of any appeal bond that includes $40,000.00 for administrative costs because such costs are not properly taxable to the appeal bond under the Federal Rules. In their Memorandum of Law, Class Counsel cite as their primary authority to the *the Cardiziam CD Antitrust case*. Plaintiffs' reliance on *In Re Cardiziam CD Antitrust Liti., 391 F3rd 815* is misplaced because that case turned solely on costs that were recoverable under a specific Tennessee Statute (Tenn.Code Ann. § 47-18-109). Therefore its application in this case is erroneous. (see below for a discussion of *Cardiziam)*

In re Cardizem CD Antitrust Litig., 391 F.3d 812 (6th Cir. 2004), the appeal bond was based on the unique "loser pays" language found in the Tennessee statute at issue there. Id. at 817-18. In contrast to Cardizem, here, none of the Federal statutes under which Plaintiff's claims arise contains a symmetrical loser pays provision like the one described in Cardizem, nor has the Class attempted to identify any statute that would shift attorney's fees,

delay costs or administrative costs to a losing plaintiff. Because the only costs approved by the Sixth Circuit in Cardizem (the only 6th Circuit case to date construing FRAP 7) were those expressly authorized by a statute, Cardizem is not authority for the bond requested by Class Counsel here, and therefore any appeal bond would be stayed for the Sixth Circuit to consider whether there is any authority to bond delay costs, administrative costs and fees on appeal may delay the merits appeal, the request for an illegal appeal bond threatens to undermine any benefits from an expedited merits appeal. The best way to protect class members is to permit the appeals to proceed on an expedited briefing schedule, and then to allow the Court of Appeals to consider sanctions on any appellants whose appeals present frivolous issues.

Therefore, consistent with Sixth Circuit law, there is no basis for an appeal bond that includes anything other than the briefing costs enumerated in FRAP 39. Similarly, no circuit permits the inclusion of delay costs in a FRAP 7 bond, as opposed to a FRAP 8 bond. See e.g., Vaughn v. American Honda Motor Co. , Inc., 507 3 F.3d 295 (5th Cir. 2007); Tennille v. Western Union Fin. Svcs. Inc., 774 F.3d 1249, at 1256 (10th Cir. 2014). What Plaintiffs really appear to be seeking is an appeal bond that includes damages due to the delay Objectors' merits appeals might cause. But that is not the purpose of a Rule 7

bond. Id. In opposition to these decisions by Courts of Appeals, the Class cites only to two incorrect decisions by lower courts, one of which was later stayed by the Ninth Circuit. As with the request for delay damages, the Class can cite to no appellate case law permitting the bonding of administrative costs, instead citing to the stayed appeal bond order entered in Wal-Mart. The Wal-Mart bond order was completely in violation of Azizian, which is why it was stayed by the Ninth Circuit.

Rule 7 permits a district court to require appellant to post an appeal bond for "costs on appeal." Fed. R. App. P. 7. Appellant-Objector Jeff M. Brown hereby opposes the Class Counsel's request for appeal bond that would only prolong the resolution of this case. Brown does not oppose an appeal bond for amounts authorized under FRAP 39(e). Each of the additional amounts requested by the Class is not permitted by Sixth Circuit law, and is not shifted to the losing party pursuant to any statute material to Brown's appeal.

The Sixth Circuit has not considered what falls under "costs of appeal" but every circuit to have considered it, has defined such costs to include *only* those costs expressly authorized by rule or statute. *Tennille v. Western Union Co.*, 774 F.3d 1249, 1255 (10th Cir. 2014) (citing D.C., Third, Sixth, Ninth, Eleventh, and First Circuits). Indeed, the Tenth Circuit addressed the same

issue presented here and held that class action administration costs were not "costs on appeal" for a Rule 7 bond because such costs were not authorized by statute. *Id.* Plaintiffs offer no reason why they believe the Sixth Circuit would depart from the Tenth Circuit in *Tennille*, or why the Sixth Circuit would depart from *all* other circuits defining Rule 7 to require a statutory basis for appeal costs. Accordingly, this Court should follow the holding of the multiple federal circuits and reject any appeal bond that includes class administration costs because there is no statutory basis to tax such costs.

A Rule 7 bond should not be used—as Plaintiffs are attempting here—to discourage appeals, even if perceived as frivolous. *In re American President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir. 1985); *see also Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974) (bond may not be imposed for the purpose of discouraging exercise of the right to appeal). "Allowing districts court to impose high Rule 7 bonds on where the appeals might be found frivolous risks impermissibly encumber[ing] appellants' right to appeal and effectively preempt[ing] this court's prerogative to make its own frivolousness determination." *Azizian v. Federated Dept. Stores*, 499 F.3d 950, 961 (9th Cir. 2007) (quotations omitted). And Brown's appeal is not frivolous. These issues were successfully appealed the same issue presented here in the Third Circuit. *See Dewey v. Volkswagen AG,* 681 F.3d 170 (3d Cir.

2012) In fact, the three times appeal bonds were ordered in appeals and the appellate court's reversed the district court's settlement approval. *See In re EasySaver Rewards Litigation,* 2015 App. LEXIS 4494 (9th Cir. March 19, 2015);

The discretion to grant a cost bond entails the discretion to decline one as well. *Azizian,* 499 F.3d at 961; *Young v. New Process Steel, LP,* 419 F.3d 1201, 1208 (11th Cir. 2005) (holding that district court need not require an appeal bond).

Plaintiff's request for an excessive and improper bond is an abuse of Rule 7 and thus, the Court should not require any bond. If a bond is issued, however, it should include only the reasonable direct appeal costs.

Finally, if the Court orders a bond that includes administrative costs, Brown respectfully requests that the Court either stay its order or deny Brown's request for a stay. If the Court orders such a bond in this case, Brown intends to challenge such decision in the Sixth Circuit, as the Eighth Circuit's stay in *In re Uponor, Inc.,* 716 F.3d 1057, 1062 (8th Cir. 2013), indicates that a bond for more than Rule 39 costs is inappropriate. To move for a stay, Brown must first seek a stay of the bond order in this Court. See Fed. R. App. P. 8(a)(1). The Court's stay of the bond order (or denial of Brown's request for

stay) would expedite Brown's motion for stay in the appeals court and minimize delay. (Ironically, given Plaintiffs' alleged concern about delays, their motion for an excessive appeal bond almost guarantees delays by abusively forcing the appellants to engage in collateral litigation unrelated to the merits.) Accordingly, Brown requests the Court either stay any order requiring Brown to post a bond with administrative costs until the Sixth Circuit resolves the legality of such an order or specifically deny Brown's request for stay in any decision ordering Brown to post a bond with administrative costs.

In sum Brown is not opposed to an appellate bond. Appellant Brown, however, for reasons stated above, wants the bond to be limited to the actual costs of appeal which is more appropriately estimated at $1,000.00.

Respectively submitted,

_____/s/_____
Jeff M. Brown, Pro Se
750 South Dixie Highway
Boca Raton, FL 33432
561-395-0000
jbrown@lavallebrown.com

## CERTIFICATE OF SERVICE

The undersigned certifies he caused to be filed with the Clerk of Courts, Northern District of Ohio. Who, upon receipt, will electronically file this Response via the ECF system, thus effecting service on all attorneys registered for electronic filing. In addition, the attorneys listed in the Legal Notice for this action were served by U.S. First Class Mail.

Dated: November 10, 2016

/s/Jeff M. Brown