# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DISTRICT

| | |
|---|---|
| THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY AND ITS DIVISION OF INVESTMENT, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLIFFS NATURAL RESOURCES INC., JOSEPH CARRABBA, LAURIE BRLAS, TERRY PARADIE, and DAVID B. BLAKE,<br><br>Defendants. | Case No. 1:14-cv-1031<br><br>Judge Dan Aaron Polster<br><br>Magistrate Judge Thomas M. Parker |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
## LEAD PLAINTIFF'S MOTION TO REQUIRE AN APPEAL BOND

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 2

I. BROWN CONCEDES THAT: AN APPEAL BOND IS APPROPRIATE; HE IS FINANCIALLY CAPABLE OF POSTING THE AMOUNT REQUESTED; HE IS A "SERIAL OBJECTOR"; AND HIS APPEAL LACKS MERIT ............................................................................................................... 2

II. INCLUSION OF $40,000 IN THE BOND AS SECURITY FOR THE ADDITIONAL ADMINISTRATIVE COSTS THAT WILL RESULT FROM BROWN'S MERITLESS APPEAL IS APPROPRIATE ...................................... 4

    A. Security for the Additional Administrative Costs Resulting From an Appeal May Be Included in a Rule 7 Appeal Bond ............................ 5

    B. Inclusion of Administrative Costs in the Appeal Bond Is Particularly Appropriate Here Because Brown's Appeal Is Meritless and He Is a Professional Objector ........................................... 10

III. $5,000 IS A REASONABLE ESTIMATE OF THE RULE 39 COSTS THAT MAY BE INCURRED ON THIS APPEAL ....................................... 10

IV. THE COURT SHOULD DENY BROWN'S MOTION TO STAY ENTRY OF THE BOND ORDER ................................................................. 11

CONCLUSION ................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adsani v. Miller*,
   139 F.3d 67 (2d Cir. 1998) ............................................................................................3, 5, 6

*Barnes v. FleetBoston Fin. Corp.*,
   C.A. No. 01-10395-NG, 2006 WL 6916834 (D. Mass. Aug. 22, 2006) ..............................3, 9

*Brandewie v. Wal-Mart Stores, Inc.*,
   2016 WL 698110 (N.D. Ohio Feb. 22, 2016) .........................................................................8

*In re Broadcom Corp. Sec. Litig.*,
   No. SACV 01-275, 2005 U.S. Dist. LEXIS 45656 (C.D. Cal. Dec. 5, 2005) ........................9

*Cantu v. Nocona Hills Owners Assoc.*,
   2002 WL 1899659 (5th Cir. July 12, 2002) (per curiam) .......................................................8

*In re Cardizem CD Antitrust Litig.*,
   391 F.3d 812 (6th Cir. 2004) ...........................................................................................5, 6, 7

*In re Checking Acct. Overdraft Litig.*,
   2012 WL 456691 (S.D. Fla. Feb. 14, 2012) .......................................................................6, 9

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*,
   No. MDL 1361, 2003 WL 22417252 (D. Me. Oct. 7, 2003) ................................................10

*Dennings v. Clearwire Corp.*,
   928 F. Supp. 2d 1270 (W.D. Wash. 2013) .............................................................................9

*Dewey v. Volkswagen Aktiengesellschaft*,
   681 F.3d 170 (3d Cir. 2012) ...................................................................................................4

*Gemelas v. Dannon Co.*,
   No. 1:08 CV 236, 2010 WL 3703811 (N.D. Ohio Aug. 31, 2010) .................................2, 3, 7

*In re Gen. Elec. Co. Sec. Litig.*,
   998 F. Supp. 2d 145 (S.D.N.Y. 2014) ........................................................................... *passim*

*Glaberson v. Comcast Corp.*,
   No. 03-6604, 2015 WL 7887788 (E.D. Pa. Dec. 3, 2015) .....................................................9

*Heekin v. Anthem, Inc.*,
   No. 1:05-cv-01908, 2013 WL 752637 (S.D. Ind. Feb. 27, 2013) ...........................................9

*Int'l Floor Crafts, Inc. v. Dziemit*,
 420 F. App'x 6 (1st Cir. 2011) ..................................................................................................6

*In re JPMorgan Chase Mortg. Modification Litig.*,
 No. 11-02290, 2014 WL 6833182 (D. Mass. Dec. 3, 2014) .......................................................9

*Manuel v. Caliber Home Loans, Inc.*,
 No. 14-5233, slip op. (D.N.J. Oct. 21, 2015), ECF No. 68......................................................11

*Marino v. Brown*,
 357 F.3d 143 (1st Cir. 2004) .....................................................................................................8

*Miletak v. Allstate Ins. Co.*,
 No. C 06-03778 JW, 2012 WL 3686785 (N.D. Cal. Aug. 27, 2012) ..................................9, 11

*In re NASDAQ Market-Makers Antitrust Litig.*,
 187 F.R.D. 124 (S.D.N.Y. 1999) .............................................................................................10

*Natasha, Inc. v. Evita Marine Charters, Inc.*,
 763 F.2d 468 (1st Cir. 1985) .....................................................................................................8

*In re Nutella Marketing & Sales Practices Litig.*,
 589 F. App'x 53 (3d Cir. 2014) .................................................................................................5

*In re Pharm. Indus. Average Wholesale Price Litig.*,
 520 F. Supp. 2d 274 (D. Mass. 2007) ....................................................................................7, 9

*In re Polyurethane Foam Antitrust Litig.*,
 No. 10 MD 2196, 2016 WL 1452005 (N.D. Ohio Apr. 13, 2016) ................................. passim

*In re Polyurethane Foam Antitrust Litig.*,
 No. 16-3168, 2016 WL 6599570 (6th Cir. June 20, 2016)..................................................5, 12

*Sckolnick v. Harlow*,
 820 F.2d 13 (1st Cir. 1987) .......................................................................................................5

*Sisemore v. United States*,
 797 F.2d 268 (6th Cir. 1986) .....................................................................................................7

*In re Target Corp. Customer Data Sec. Breach Litig.*,
 MDL No. 14-2522, 2016 WL 4942081 (D. Minn. Jan. 29, 2016)..............................................9

**Statutes**

15 U.S.C. § 78u-4(a)(4) ....................................................................................................................4

28 U.S.C. § 1912................................................................................................................5, 8

28 U.S.C. § 1920................................................................................................................10

**Other Authorities**

Fed. R. Civ. P. 23(a)(4) ............................................................................................................4

Fed. R. App. P. 7 .......................................................................................................... *passim*

Fed. R. App. P. 38 .............................................................................................................5, 6, 7

Fed. R. App. P. 39 ........................................................................................................ *passim*

Lead Plaintiff, The Department of the Treasury of the State of New Jersey and its Division of Investment ("Lead Plaintiff"), on behalf of itself and the Settlement Class, respectfully submits this reply memorandum in further support of its motion requesting that Objector-Appellant Jeff M. Brown ("Brown") be required to post an appeal bond of $45,000 pursuant to Rule 7 of the Federal Rules of Appellate Procedure to provide security for the costs associated with Brown's meritless appeal.[1]

## PRELIMINARY STATEMENT

On November 3, 2016, Lead Plaintiff moved for an order requiring that Brown post an appeal bond in the amount of $45,000 as security for the costs that his appeal will impose on the Settlement Class. (*See* ECF Nos. 117-19.) Lead Plaintiff's Opening Brief (ECF No. 118) set forth the basis for imposing an appeal bond in this case, which would include $5,000 as security for the costs of the appeal taxable under Federal Rule of Appellate Procedure 39 and $40,000 as a conservative estimate of the additional administrative costs that will be incurred as a result of the appeal, supported by a declaration from the Claims Administrator estimating those costs (ECF No. 119).

In his brief in opposition to the motion (ECF No. 121) ("Opp. Brief"), Brown does not contest that an appeal bond is generally appropriate in this case, he does not contest or attempt to refute Lead Plaintiff's assertion that he is a "serial objector" who has frequently submitted meritless objections to class action settlements, and he makes no substantive response to Lead Plaintiff's arguments that his objection (and thus any appeal) lacks merit. Brown also makes no argument that he is financially unable to post the full $45,000 bond sought, and thus concedes that such a bond will not be a barrier to his ability to pursue his appeal.

Instead, Brown disputes only the amount of bond and the types of expenses for which security may be provided. First, Brown argues that the appeal bond cannot include security for

---

[1] All capitalized terms not otherwise defined herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement with Individual Defendants dated March 10, 2016 (ECF No. 96-1).

the additional administrative costs resulting from his appeal as a matter of law. However, as discussed below and in Lead Plaintiff's Opening Brief (at 13-15), the Sixth Circuit and many other courts have held that it is well within the district court's discretion to include security for administrative costs in the scope of an appeal bond. Moreover, security for the additional administrative costs the appeal imposes on the class is particularly warranted here because the appeal is without merit, is brought by a professional objector solely for the purpose of obtaining a payment from the class or class counsel, and will likely be found frivolous by the Court of Appeals.

Finally, Brown contends that the taxable costs under Rule 39 are likely to be less than $5,000 and therefore that portion of the bond should be reduced to $1,000. However, $5,000 is a reasonable estimate of the potential Rule 39 expenses that may incurred and is in line with, if not less than, appeal bonds imposed in other cases.

For these reasons, and those set forth below and in the Opening Brief, Lead Plaintiff respectfully requests that this Court require Brown to post an appeal bond in the amount of $45,000.

**ARGUMENT**

I. **BROWN CONCEDES THAT: AN APPEAL BOND IS APPROPRIATE; HE IS FINANCIALLY CAPABLE OF POSTING THE AMOUNT REQUESTED; HE IS A "SERIAL OBJECTOR"; AND HIS APPEAL LACKS MERIT**

As set forth in Lead Plaintiff's Opening Brief, in determining whether an appeal bond is appropriate, courts typically consider (1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay costs if the appeal is unsuccessful, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct. *See, e.g., In re Polyurethane Foam Antitrust Litig.*, No. 10 MD 2196, 2016 WL 1452005, at *1 (N.D. Ohio Apr. 13, 2016); *Gemelas v. Dannon Co.*, No. 1:08 CV 236, 2010 WL 3703811, at *1 (N.D. Ohio Aug. 31, 2010). Lead Plaintiff's Opening Brief demonstrated that all of these factors have been established here. (*See* Opening Brief at 4-14.) In his opposition, Brown does not dispute that these factors have been satisfied. Indeed, Brown concedes an appeal bond is appropriate (*see* Opp. Brief

2

at 7 ("Brown is not opposed to an appellate bond")) and contests only the amount of the bond.

In particular, Brown does not argue – let alone provide any evidence – that he lacks the financial ability to post the full amount of the $45,000 bond requested, and thus he concedes that requiring such a bond would not be a barrier to his bringing his appeal. "It is [the appellant's] burden to demonstrate that the bond would constitute a barrier to her appeal." *Polyurethane Foam*, 2016 WL 1452005, at *4. Absent such a showing, the objector's ability to post a bond is presumed. *See Adsani v. Miller,* 139 F.3d 67, 79 (2d Cir. 1998) ("[W]e find that without any showing of her financial hardship, the bond imposed on Adsani is not an impermissible barrier to appeal . . . .").

Similarly, Brown does not dispute Lead Plaintiff's contention that he is a professional objector who repeatedly lodges boilerplate objections to class action settlements and fee awards (and then appeals from denial of such objections) in order to obtain a personal financial payoff, without seeking to provide any benefit to the class. (*See* Opening Brief at 1-2, 10-12.) Numerous courts have found that such behavior constitutes "bad faith or vexatious conduct" and thus supports imposition of a substantial bond to protect the interest of the class by providing a means of recovering the costs imposed on the class by such appeals. *See, e.g.*, *Polyurethane Foam*, 2016 WL 1452005, at *2; *Gemelas*, 2010 WL 3703811, at *1; *In re Gen. Elec. Co. Sec. Litig.*, 998 F. Supp. 2d 145, 155-56 (S.D.N.Y. 2014); *Barnes v. FleetBoston Fin. Corp.*, C.A. No. 01-10395-NG, 2006 WL 6916834, at *1-*2 (D. Mass. Aug. 22, 2006).

Finally, although the merits of the appeal are a key consideration in determining whether to award an appeal bond, and Lead Plaintiff's Opening Brief set forth in detail why every aspect of Brown's objection in this Court was without merit (and, thus, why any potential appeal is also meritless) (*see* Opening Brief at 5-10), Brown does not respond to these arguments or attempt to establish the merits of his appeal, making only the conclusory statement that his "appeal is not

frivolous." (Opp. Brief at 5.)[2] Moreover, Brown's appeal is likely to be dismissed for lack of jurisdiction since his notice of appeal to the Sixth Circuit was not filed until considerably more than 30 days after entry of this Court's orders. *See* Motion to Dismiss Brown's Appeal (attached to the Opening Brief as Exhibit 7) (ECF No. 118-7).

## II. INCLUSION OF $40,000 IN THE BOND AS SECURITY FOR THE ADDITIONAL ADMINISTRATIVE COSTS THAT WILL RESULT FROM BROWN'S MERITLESS APPEAL IS APPROPRIATE

Brown's opposition to Lead Plaintiff's motion for a bond concerns only the amount of the bond and the types of costs that can be included in the bond. Brown contends that, as a matter of law, security for the additional administrative costs that may be imposed on the class by his appeal cannot be included in the bond. However, while there is a split of authority on this question, inclusion of such administrative costs in a Rule 7 bond is fully supported by the text of Rule 7 and substantial legal authority, including decisions of the Sixth Circuit and numerous other court decisions in this Circuit and elsewhere. Moreover, inclusion of administrative costs in the appeal bond here is particularly justified because Brown's appeal is meritless and is likely to be found frivolous by the Court of Appeals.

---

[2] Brown claims, cryptically, that the issues he raised in his objection were successfully appealed to the Third Circuit in *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170 (3d Cir. 2012). (*See* Opp. Brief. at 5.) This claim is false. The principal (and only successful) claim of the objectors in *Dewey* concerned an intra-class conflict created because class members in that settlement were divided into two groups – a "reimbursement group" that was entitled to make claims for reimbursement from the $8 million settlement fund and a "residual group" that was entitled only to make possible claims of residual funds from the settlement once all claims of the "reimbursement group" were satisfied. The Third Circuit agreed with the objector-appellants that the class representatives, who were members of the "reimbursement group," were not adequate representatives of the "residual group" and, thus, the class failed to satisfy Rule 23(a)(4). *See* 681 F.3d at 187-90. Here, there is no such disparate treatment of two groups of class members in this case and Brown did not raise any comparable objection. Brown's objection did claim that the reimbursement of Lead Plaintiff's expenses created "an inherent conflict between class members." (ECF No. 105 at 5.) However, the reimbursement of Lead Plaintiff's expenses, which no other class member incurred and which is specifically approved by the governing statute (the PSLRA, 15 U.S.C. § 78u-4(a)(4)), creates no conflict of interest among class members and is entirely unlike the situation in *Dewey*.

### A. Security for the Additional Administrative Costs Resulting From an Appeal May Be Included in a Rule 7 Appeal Bond

Rule 7 provides that, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. Rule 7 does not provide a definition of "costs on appeal," but the Sixth Circuit and other courts have held that these costs include all costs "properly awardable under the relevant substantive statute or other authority" for the action. *In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 817 (6th Cir. 2004); *see also Adsani*, 139 F.3d at 72 ("all costs properly awardable in an action are to be considered within the scope of [Rule 7]"); *see Gen. Elec.*, 998 F. Supp. 2d at 151. As provided in the authorities Lead Plaintiff cited in its Opening Brief, additional administrative costs resulting from the appeal may be awarded under Rule 38 of the Federal Rules of Appellate Procedure and/or 28 U.S.C. § 1912.

Brown misstates the law when he claims that no appellate case law supports the inclusion of delay costs in an appeal bond. (*See* Opp. Brief at 3-4.) On the contrary, just this year, the Sixth Circuit, in an unpublished opinion, refused to stay or reverse a $145,000 appeal bond imposed in *Polyurethane Foam*, 2016 WL 1452005, which included $15,000 for additional administrative costs, and, in fact, dismissed an objector's appeal for failure to post this bond. *See In re Polyurethane Foam Antitrust Litig.*, No. 16-3168, 2016 WL 6599570 (6th Cir. June 20, 2016). Moreover, as discussed further below, the Sixth Circuit's published opinion in *Cardizem* also directly supports inclusion of administrative costs in an appeal bond. The Third Circuit has also upheld the imposition of an appeal bond including security for administrative costs. *See, e.g. In re Nutella Marketing & Sales Practices Litig.*, 589 F. App'x 53, 61 (3d Cir. 2014) (finding no error in district court's decision that "administrative costs could be secured by a Rule 7 bond").

Moreover, more generally, numerous appellate decisions have expressly rejected Brown's position that the "costs on appeal" under Rule 7 are limited to those costs enumerated in Rule 39 of the Federal Rules of Appellate Procedure. *See Adsani*, 139 F.3d at 74-75 ("Rule 39 does not exhaustively define 'costs' [for FRAP 7]"); *Sckolnick v. Harlow,* 820 F.2d 13, 15 (1st Cir. 1987)

(approving an appeal bond including security costs under **both** FRAP 38 and 39); *Int'l Floor Crafts, Inc. v. Dziemit,* 420 F. App'x 6, 18 (1st Cir. 2011) ("the costs delineated in Rule 39(e) 'are among, but not necessarily the only, costs available on appeal' or for a bond"); *see also Gen. Elec.*, 998 F. Supp. 2d at 151 (discussing *Adsani* and explaining that that court "explicitly rejected a definition of costs that would limit it to those costs enumerated in Rule 39"); *In re Checking Acct. Overdraft Litig.*, 2012 WL 456691, at *2 (S.D. Fla. Feb. 14, 2012) ("[T]he costs that can be included in a Rule 7 bond are not . . . limited to costs defined by Rule 39.").

The Sixth Circuit, in the *Cardizem* decision, expressly adopted the reasoning of *Adsani* and found that the costs that may be included in a Rule 7 appeal bond are not limited to those specifically enumerated in Rule 39 but include all costs "properly awardable under the relevant substantive statute or other authority," *Cardizem*, 391 F.3d at 817, and it approved and upheld a Rule 7 bond including "incremental administration costs" due to projected delay caused by the appeal. *Id*. at 815. *Cardizem* involved a Tennessee state statute that allowed a prevailing defendant to obtain an award of attorneys' fees and also receive "damages" if the action was found to be frivolous or without legal or factual merit. *Id*. at 817. The Sixth Circuit found that, because the district court had determined that appellant's objections to the proposed settlement, which were repeated on appeal, were "all without merit and border[ed] on frivolousness," the district court was entitled to include attorney's fees and "any other damages incurred [on the appeal], presumably including administrative costs" in the bond amount. *Id*. at 817-18. *Cardizem* expressly rejects the idea that "costs on appeal" are limited to Rule 39 costs. *Id*. at 816-17 (adopting the reasoning of the Second Circuit, which "explicitly rejected the notion that Rule 39 defined 'costs' throughout the Federal Rules of Appellate Procedure"). Although *Cardizem* involved a state statute awarding damages based on a frivolous appeal, its logic applies equally to potential damages that may be recovered by appellees as costs under Rule 38 as the result of a frivolous appeal.

As was discussed in Lead Plaintiff's Opening Brief, one of the sources of potentially recoverable "costs on appeal" under Rule 7 is Rule 38 of the Federal Rules of Appellate Procedure.

6

Rule 38 provides that, "[i]f a court of appeals determines that an appeal is frivolous it may . . . award just damages and single or double costs to the appellee." Fed. R. App. P. 38. The "costs" or "just damages" that may be ultimately awarded under Rule 38 may include the additional administrative costs that were incurred as a result of such an appeal. *See Gen. Elec.*, 998 F. Supp. 2d at 152 ("Many district courts have determined that settlement administration expenses may be properly awarded as 'damages' under Rule 38"); *In re Pharm. Indus. Average Wholesale Price Litig.*, 520 F. Supp. 2d 274, 278-79 (D. Mass. 2007) (Rule 38 permits inclusion of "administrative costs to the classes that will likely be caused by the delay" in appeal bond). Accordingly, because these costs may be recovered under Rule 38 at the conclusion of the appeal if Brown's appeal is found frivolous, security for these costs appropriately may be included in the appeal bond.[3]

In *Cardizem*, the Sixth Circuit rejected the argument that "incremental administration costs" could not be included in the appeal bond because doing so required a finding that the action was "frivolous" or "without legal or factual merit." *Cardizem*, 391 F.3d at 817. The Sixth Circuit found that the district court was entitled to include security for damages based on the **district court's determination** that the appeal was "without merit and border[ed] on frivolousness." *Id*. at 817-18. Thus, the same logic should apply to costs that may be potentially recovered as a result of a frivolous appeal under Rule 38. *See Gen. Elec.*, 998 F. Supp. 2d at 155 (including administrative costs in appeal bond where objector's appeal was frivolous and the Court of Appeals was "likely . . . to impose appropriate sanctions under Rule 38" and objector had a "a history of vexatious conduct through frivolous settlement objections"); *see also Gemelas,* 2010 WL 3703811, at *1 ("Where an appeal is taken in bad faith, a district court may also exercise its discretion to impose a bond amount for attorneys' fees likely to be incurred on appeal.").

---

[3] Rule 38 also allows for recovery of attorneys' fees as "damages" for a frivolous appeal. *See Sisemore v. United States*, 797 F.2d 268, 271 (6th Cir. 1986). Although Lead Plaintiff has not sought to include security for the award of attorneys' fees in the appeal bond, Lead Plaintiff reserves the right to seek reimbursement for its attorneys' fees incurred in defending the appeal from Brown at the conclusion of the appeal.

7

In addition, another potential source of "cost on appeal" that may be secured by a Rule 7 bond are the costs that may be awarded under 28 U.S.C. § 1912, which provides that "Where a judgment is affirmed by . . . a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs." In contrast to Rule 38, § 1912 does not include a "requirement that the appeal be deemed frivolous." *Cantu v. Nocona Hills Owners Assoc.*, 2002 WL 1899659, at *4 n.1 (5th Cir. July 12, 2002) (per curiam); *see also Marino v. Brown*, 357 F.3d 143, 146 n.8 (1st Cir. 2004) ("Rule 38 allows the imposition of 'just damages' . . . for a frivolous appeal, and § 1912 allows the same for an appeal which has caused 'delay' for the prevailing party."); *Natasha, Inc. v. Evita Marine Charters, Inc.*, 763 F.2d 468, 472 (1st Cir. 1985) ("§ 1912 and Rule 38 differ slightly – the former speaking of 'delay' while the latter concerns 'frivolous' appeals"). While "just damages for . . . delay" under § 1912 are not awarded on all unsuccessful appeals, and are generally awarded only when an appeal is lacking in merit or intended to cause delay, this provision is available even for non-frivolous appeals. Thus, as long as the lack of merit of the appeal and the delays that will be likely imposed make the imposition of sanctions under Section 1912 a reasonable possibility, these costs can also be included in an appeal bond.

Based on this ample legal authority, numerous district court decisions in the Sixth Circuit and elsewhere have found that Rule 7 appeal bonds may include security for additional administrative costs that are incurred as a result of an appeal.[4] *See, e.g., Brandewie v. Wal-Mart Stores, Inc.*, 2016 WL 698110, at *3 (N.D. Ohio Feb. 22, 2016) ("The Court . . . agrees that the appeal bond should incorporate the additional costs incurred through the delay of administering the class action"); *Polyurethane Foam*, 2016 WL 1452005, at *7 ("[T]his Court finds it appropriate to add $15,000 to the bond for increased administrative costs. . . . [I]n appropriate circumstances,

---

[4] Brown's claim that Lead Plaintiff "cites only to two incorrect decisions by lower courts" in support of the proposition that appeal bond may include security for administrative delay costs (Opp. Brief at 4) is wildly inaccurate. On the contrary, Lead Plaintiff cited numerous cases that are good law for that proposition. (*See* Opening Brief at 13-14 & n.11.)

8

damages flowing from the delay caused by an appeal may be included."); *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL No. 14-2522 (PAM/JJK), 2016 WL 4942081, at *1 (D. Minn. Jan. 29, 2016) ("The appeal will disrupt the claims process, prevent distribution of the settlement funds to the . . . class, and will require additional administrative costs. . . . [C]onservative estimates of these costs are properly included in an appeal bond."); *Glaberson v. Comcast Corp.*, No. 03-6604, 2015 WL 7887788, at *3 (E.D. Pa. Dec. 3, 2015) ("We find that including the costs of administering the class settlement in the appeal bond is appropriate."); *In re JPMorgan Chase Mortg. Modification Litig.*, No. 11-02290-RGS, 2014 WL 6833182, at *1 (D. Mass. Dec. 3, 2014) (finding that "the likely costs of this appeal are not only those related to the appeal itself, but also damages to the [class] that will result from the delay in receiving settlement benefits," and imposing $50,000 bond); *Gen. Elec.*, 998 F. Supp. 2d at 151 (finding that appeal bond may include "additional administrative costs that are associated with the delay in distribution of a settlement fund"); *Dennings v. Clearwire Corp.*, 928 F. Supp. 2d 1270, 1272 (W.D. Wash. 2013) (imposing bond including $39,150 for additional settlement administration costs); *Heekin v. Anthem, Inc.*, No. 1:05-cv-01908-TWP-TAB, 2013 WL 752637, at *1-*2 (S.D. Ind. Feb. 27, 2013) ("In class action cases, . . . [appeal] bonds are used to cover excess administrative costs that otherwise would not have been incurred. . . . [E]xcess administrative costs created by the delay incident to the appeal, can be characterized as a 'cost of appeal' under Rule 7."); *Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27, 2012) (requiring bond including $50,000 for "administrative costs" that would be incurred in order "to continue to service and respond to class members' needs pending the appeal"); *Checking Acct. Overdraft Litig.*, 2012 WL 456691, at *2-*3 (ordering a bond in excess of $616,000 for delay costs because the appeal would "prevent[] distribution of the Settlement proceeds"); *Pharm. Indus.*, 520 F. Supp. 2d at 279 (objector was required to post $61,000 bond for administrative costs that class would suffer as a result of delay in distribution of class action settlement); *Barnes*, 2006 WL 6916834, at *3 (requiring bond including $643,750 in delay costs); *In re Broadcom Corp. Sec. Litig.*, No. SACV

01-275 DT (MLGx), 2005 U.S. Dist. LEXIS 45656, at *9 (C.D. Cal. Dec. 5, 2005) (finding that "the costs of delay are properly included in a Rule 7 bond" and including in bond, *inter alia*, "costs of updating addresses and other information needed to remain in contact with Class members, locating lost Class members, . . . paying monthly fees for maintaining the website created to inform Class members, and providing phone support to answer inquiries from the Class members"); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, No. MDL 1361, 2003 WL 22417252, at *1 (D. Me. Oct. 7, 2003) (concluding that costs of delay or disruption of settlement may be included in Rule 7 bond and imposing $35,000 appeal bond); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 124, 128 (S.D.N.Y. 1999) (requiring bond including "damages resulting from the delay and/or disruption of settlement administration" caused by the appeal).

    **B.    Inclusion of Administrative Costs in the Appeal Bond Is Particularly Appropriate Here Because Brown's Appeal Is Meritless and He Is a Professional Objector**

Inclusion of security for the administrative costs that will be imposed on the class as a result of the appeal is particularly justified here because Brown's appeal is meritless and is likely to be found frivolous by the Court of Appeals, and because it has been brought by a professional objector solely in order to extort a payment from the class. Indeed, as discussed above, Brown does not even attempt to dispute these points.

**III.    $5,000 IS A REASONABLE ESTIMATE OF THE RULE 39 COSTS THAT MAY BE INCURRED ON THIS APPEAL**

Brown concedes that a bond for the taxable costs enumerated in Rule 39(e) of the Federal Rules of Appellate Procedure is appropriate. His only challenge is that the amount should be $1,000 instead of the requested $5,000. (*See* Opp. Brief at 2, 7.)

Costs that may be recovered under Rule 39(e) and 28 U.S.C. § 1920, include "marshal and clerk fees, court reporter fees, printing and witness fees, copying fees, docket fees, and compensation of court appointed experts and interpreters." *Polyurethane Foam*, 2016 WL 1452005, at *5.

Lead Counsel estimate that Lead Plaintiff may incur $5,000 in taxable costs under Rule 39 during the pendency of Brown's appeal as a result of costs for copying of briefs and preparing the appellate record. There is substantial uncertainty here as to the scope of the appeal, as Brown has not yet clearly identified what issues he intends to raise on appeal, and responding to his appeal may require substantial costs. Courts have determined that similar or substantially higher amounts were appropriate amounts for appeal bonds to secure payment of the costs of the appeal. *See, e.g.*, *Polyurethane Foam*, 2016 WL 1452005, at *6 (imposing appeal bond including $10,000 for Rule 39 appeal costs and noting that "district courts regularly estimate taxable costs at more than twice the amount requested here"); *Gen. Elec.*, 998 F. Supp. 2d at 150 (imposing appeal bond including $5,700 for Rule 39 appeal costs); *Miletak*, 2012 WL 3686785, at *2 (requiring appeal bond including $10,000 for Rule 39 appeal costs); *Manuel v. Caliber Home Loans, Inc.*, No. 14-5233, slip op. at 2 (D.N.J. Oct. 21, 2015), ECF No. 68 (imposing bond including $5,000 for Rule 39 appeal costs).

As with the other costs sought, if at the conclusion of the appeal, the amounts awarded to appellees as Rule 39(e) costs end up being less than the amount established for the bond, then Brown will simply have his security returned to him and will not have lost anything. Because Brown has not argued that he is unable to pay this amount or that it would prevent him from bringing the appeal, including this estimate of costs in the appeal bond is reasonable.[5]

## IV.    THE COURT SHOULD DENY BROWN'S MOTION TO STAY ENTRY OF THE BOND ORDER

Brown also makes an argument in the alternative requesting that, if the Court enters an order requiring a bond, it then stay that order pending appeal (or deny his motion for a stay so that he can move for a stay in the Court of Appeals).

---

[5] On the contrary, if the Court orders a lower bond amount and Lead Plaintiff's actual appeal costs exceed that amount they will be left without any security for recovering those costs from Brown at the conclusion of the appeal.

11

The Court should not stay the order requiring a bond (assuming that it enters such an order). The purpose of an appeal bond under Rule 7 is to prevent an appellant from imposing undue costs on the opposing party due to the pendency of an unmeritorious or frivolous appeal, including the costs of responding to the appeal and the costs of delays resulting from the appeal. A stay of an order requiring an appeal bond, pending the resolution of the appeal, effectively operates as a denial of the appeal bond because the harm sought to be avoided by the bond – the continued prosecution of the meritless appeal by an appellant who has provided no assurance of his or her ability to pay for the costs imposed by such an appeal – will ensue if the order imposing the bond is stayed.

Moreover, under similar circumstances, the Sixth Circuit has specifically rejected a motion to stay enforcement of an appeal bond where the appellant, like here, was a professional class action objector who had provided no proof that he was unable to post the required bond. *See Polyurethane Foam*, 2016 WL 6599570, at *1-*2.

## **CONCLUSION**

For the foregoing reasons, Lead Plaintiff respectfully requests that this Court require the Objector-Appellant Jeff M. Brown to post an appeal bond of $45,000 within seven calendar days of the date the Order is issued.

Dated: November 17, 2016              Respectfully submitted,

/s/ Scott D. Simpkins
John R. Climaco (0011456)
Scott D. Simpkins (0066775)
**CLIMACO WILCOX PECA TARANTINO & GAROFOLI CO., LPA**
55 Public Square, Suite 1950
Cleveland, Ohio 44113
Telephone: (216) 621-8484
Facsimile: (216) 771-1632
jrclim@climacolaw.com
sdsimp@climacolaw.com

*Local Counsel for Lead Plaintiff, The Department of the Treasury of the State of New Jersey and its Division of Investment, and the Settlement Class*

James A. Harrod
Jeremy P. Robinson
Rebecca E. Boon
Adam D. Hollander
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jim.harrod@blbglaw.com
jeremy@blbglaw.com
rebecca.boon@blbglaw.com
adam.hollander@blbglaw.com

Michael B. Himmel
Michael T.G. Long
Jamie R. Gottlieb
Joseph A. Fischetti
Brandon M. Fierro
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
mhimmel@lowenstein.com
mlong@lowenstein.com

jgottlieb@lowenstein.com
jfischetti@lowenstein.com
bfierro@lowenstein.com

***Lead Counsel for Lead Plaintiff, The Department of the Treasury of the State of New Jersey and its Division of Investment, and the Settlement Class***

#1039109